PER CURIAM.
Harry Stern, the deceased, loaned money to John Cox, his granddaughter’s husband, on two separate occasions. After Harry Stern’s death, Kenneth Stern, his son and executor of his estate in New York, demanded payment of these loans together with accrued interest. The Coxes, Florida residents, filed suit in Florida seeking a declaratory judgment adjudicating the two promissory note obligations unenforceable. In support of the jurisdictional allegations of the complaint, John Cox filed his own sworn affidavit. Kenneth Stern filed affidavits contesting the jurisdictional allegations of the complaint. Without holding an evidentiary hearing to resolve the contested jurisdictional facts, the trial court entered an order upholding personal jurisdiction over Stern. The Coxes concede that this was error. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
Stern urges this court to rule that as a matter of law personal jurisdiction cannot be established in this case. However, a ruling on personal jurisdiction would be premature at this juncture since the trial court has not yet held a hearing or ruled upon the disputed jurisdictional facts. Greenberg v. Mahoney Adams & Criser, P.A., 614 So.2d 604, 605 (Fla. 1st DCA), rev. denied, 624 So.2d 267 (Fla.1993). Upon remand,[1] the parties may attempt to prove, or disprove, jurisdictional allegations, by affidavit, deposition or other proof. Jones v. Jack Maxton Chevrolet, Inc., 484 So.2d 43, 46 (Fla. 1st DCA 1986).
*758 REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH, MICKLE and VAN NORTWICK, JJ., concur.

. Regarding a requirement of connexity under section 48.193, Florida Statutes (1993), the attention of the trial court and the parties is directed to Utility Trailer Mfg., Co. v. Cornett, 526 So.2d 1064 (Fla. 1st DCA), rev. denied, 534 So.2d 398 (Fla.1988); City Contract Bus Service, Inc. v. Woody, 515 So.2d 1354 (Fla. 1st DCA 1987); American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985); see also, Citicorp Ins. Brokers (Marine), Ltd. v. Charman, 635 So.2d 79 (Fla. 1st DCA 1994).