683 So.2d 530 (1996)
INTERCAPITAL FUNDING CORPORATION, a Florida corporation, and Intercapital Funding Resources, Inc., a Florida corporation, Appellants,
v.
John GISCLAIR, d/b/a Tropicare Landscape Service, Tammy Gisclair, JJW Construction, Inc., a Florida corporation, Hewett-Kier Construction, Inc., a Florida corporation, Holland Builders, Inc., a Florida corporation, Corporate Structures, Inc., a Florida corporation, WhiteSpunner Construction Inc., an Alabama corporation, Gil Hyatt, Inc., d/b/a Gil Hyatt Construction, a Florida corporation, Scherer Commercial Group, Inc., a Florida corporation, Florida Financial, Inc., a Florida corporation, and Barnett Bank of Palm Beach County, N.A., a national banking association, Appellees.
No. 95-1069.
District Court of Appeal of Florida, Fourth District.
September 4, 1996.
*531 Steven N. Lippman of Kipnis, Tescher, Lippman, Valinsky & Kain, Fort Lauderdale, for appellants.
Andrew M. Chansen, Boca Raton, for Appellees-John Gisclair, d/b/a Tropicare Landscape Service and Tammy Gisclair.
R. Earl Welbaum of Welbaum, Guernsey, Hingston, Greenleaf & Gregory, L.L.P., Coral Gables, for Appellee-JJW Construction, Inc.
Robert E. Ferencik, Jr. and Adam C. Linkhorst of Leiby, Ferencik, Libanoff and Brandt, P.A., Fort Lauderdale for Appellee-Hewett-Kier Construction, Inc.
Guy J. Seligman of Guy J. Seligman, P.A., Fort Lauderdale, for Appellee-Corporate Structures, Inc.
Nancy D. Pelosi of Saavedra & Pelosi, Fort Lauderdale, for Appellees-Gil Hyatt, Inc., d/b/a Gil Hyatt Construction and Holland Builders, Inc.
Lynn V. Cravey and V. James Dickson of Ruden, McClosky, Smith, Schuster & Russell, P.A., St. Petersburg, for Appellee-Scherer Commercial Group, Inc.
STEVENSON, Judge.
This action involves several purchase and sale agreements and is an appeal from two separate orders of the trial court: a March 1, 1995, order dismissing several defendants; and a March 27, 1995, order granting a motion for change of venue from Broward County to Palm Beach County. Because venue was proper in Broward County, we reverse the order granting change of venue. We redesignate the appeal from the order of dismissal as a petition for writ of certiorari and dismiss the petition for lack of jurisdiction because appellants have failed to make a prima facie showing of irreparable harm.
Appellee, John Gisclair, d/b/a Tropicare Landscaping Service (Tropicare), sold appellants, Intercapital Funding Corporation and Intercapital Funding Resources, Inc., its accounts receivable due from at least seven different corporations (the appellees, JJW Construction, Inc., Hewett-Kier Construction, Inc., Holland Builders, Inc., WhiteSpunner Construction, Inc., Gil Hyatt, Inc., Scherer Commercial Group, Inc., and Florida Financial Corporation, Inc.). Appellants alleged that after entering into the purchase and sale agreements, John Gisclair and his wife, Tammy Gisclair, collected and kept the accounts receivable for themselves. In their forty-four count complaint, appellants alleged *532 breach of contract, conversion, civil theft and fraud against John Gisclair, and conversion and civil theft against Tammy Gisclair. In addition, appellants alleged that several of the debtor-appellees paid John Gisclair even after being advised that their accounts were payable to appellants. A claim was also brought against Barnett Bank of Palm Beach County alleging that the bank negligently cashed a check endorsed by only John Gisclair but payable to both Tropicare and appellant Intercapital Funding Corporation.

THE MARCH 27, 1995, ORDER GRANTING CHANGE OF VENUE
Appellants assert that the trial court erred in granting the Gisclairs' motion for change of venue from Broward County to Palm Beach County. We agree. A plaintiff has "the option of venue selection, and as long as that selection is one of the statutory alternatives, it should not be disturbed." Oliver v. Severance, 542 So.2d 408, 409 (Fla. 1st DCA 1989). In accordance with section 47.011, Florida Statutes (1995), a civil action may be brought in the county where the defendant resides, where the cause of action accrued, or where the property in the litigation is located. Suits involving several causes of action may be brought in any county where any of the causes of action accrued. See Oliver, 542 So.2d at 410. The complaint in this case alleged conversion as well as other counts against the Gisclairs. "Since conversion is a continuous act, if the property converted has been taken from one county to another, it may be said to have been committed in either county for purposes of venue." Martin v. Kuhl, 528 So.2d 71, 72 (Fla. 4th DCA 1988). According to one of the affidavits filed, appellants' accounts receivable were converted into cash in Broward County by John Gisclair. Therefore, Broward County was a proper statutory choice of venue in this case.
The trial court granted the motion for change of venue "pursuant to the language in the Contract attached to the Complaint." The Gisclairs argue that Florida law recognizes the rights of contracting parties to agree on the forum in which a dispute may be heard and that a valid choice of law provision may not be thwarted by including causes of action that would attempt to defeat the intent of the provision. See Dataline Corp. v. L.D. Mullins Lumber Co., 588 So.2d 1078, 1079 (Fla. 4th DCA 1991); Pensacola Restaurant Supply Co. v. Bryn Mawr Camp Resorts, Inc., 320 So.2d 35 (Fla. 4th DCA 1975). While we acknowledge these general principles of law, they do not apply unless a contract contains a choice-of-forum clause. In the present case, the contract did not contain such a clause.
The purchase and sale agreements in the instant case contained the following provision:

GOVERNING LAW. This Purchase and Sale Agreement has been made and is performable in West Palm Beach, Palm Beach County, Florida, and shall be governed by the Laws of the State of Florida.
We do not interpret this provision as a choice-of-forum clause. It is entitled "Governing Law" and, in fact, does not contain either the word "forum" or "venue." In addition, there was no evidence in the record from which the court below could have concluded that the parties intended the provision to serve as an agreement providing for venue in a certain county in the event of suit.
Even if the "Governing Law" section could be viewed as a forum selection provision, it contained the permissive phrase "is performable in West Palm Beach" rather than mandatory language such as "is performable only in West Palm Beach." See Granados Quinones v. Swiss Bank Corp., 509 So.2d 273, 275 (Fla.1987); Dataline, 588 So.2d at 1079. Therefore, the provision was only permissive and could not serve as a clear waiver of appellants' venue privileges and rights pursuant to chapter 47, Florida Statutes.

THE MARCH 1, 1995, ORDER OF DISMISSAL
Appellants have also filed a notice of appeal from the trial court's sua sponte March 1, 1995, order dismissing all defendants except the Gisclairs.[1] The trial court *533 decided that all appellees, other than the Gisclairs, had been improperly joined and dismissed them accordingly. The trial court concluded that it was improper for appellant to bring one huge lawsuit against all of the various defendants where the causes of action against each were separate and distinct. Referring to the "multifarious"[2] nature of the complaint, the trial court explained why it found an improper joinder of parties:
What you did was you purchased I don't know how many, 10, 20, whatever the figure is, accounts receivable basically under a factoring contract from one person, I will grant you that, but these 10 or 20 different people have had different dealings with this one person from which you bought or factored the accounts.
They have different amounts, different parties, different defenses, different counterclaims and you say, "Judge, I want one suit for $200, 20 defendants and I want you to sever and listen to them all. My position is that is not proper."
Because the order rendered March 1, 1995, lacked the requisite language of finality necessary to make it a final order, this court entered an order allowing appellants twenty days in which to obtain a final, appealable order from the trial court. See Dobrick v. Discovery Cruises, Inc., 581 So.2d 645 (Fla. 4th DCA 1991). Appellants failed to make application to the trial court for a final order as requested. Appellants now ask this court to treat its improper appeal from a non-final order as a petition for writ of certiorari based on the trial court's alleged departure from the essential requirements of law.
The nature of the trial court's dismissal is unclear, and our review process would have been greatly facilitated had appellants at least applied for a final order as requested by this court. Nevertheless, we redesignate the appeal from the March 1, 1995, order as a petition for writ of certiorari pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(B). See Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989). We dismiss the redesignated petition for writ of certiorari because appellants have failed to make a prima facie showing of irreparable injury which could not be corrected by final appeal. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996)(en banc).
Accordingly, the March 27, 1995, order granting the Gisclairs' motion for change of venue is reversed. We dismiss the petition for certiorari from the trial court's March 1,1995, non-final order of dismissal of all defendants except the Gisclairs.
GUNTHER, C.J., and BAKER, MOSES, Jr., Associate Judge, concur.
NOTES
[1] Appellants note in their initial brief that subsequent to the entry of the orders here appealed, appellants settled amicably with appellees White-Spunner and Barnett Bank.
[2] "[M]ultifariousness occurs when distinct and disconnected subjects, matters or causes are joined in the same complaint or when parties, either as defendants or plaintiffs, who have no common interest in the subject matter of the litigation or connection with each other insofar as the issues in the litigation are concerned join in the same suit." Carbonell v. American Int'l Pictures, Inc., 313 So.2d 417, 418 (Fla. 3d DCA 1975).