SALTER, J.
Domingo Zapata appeals an order denying his motion to dismiss an amended complaint for lack of personal jurisdiction. We dismiss the appeal as premature. On Zapata’s own motion for reconsideration of an order initially denying his motion to dismiss for lack of jurisdiction, the trial court ruled that the motion warranted an eviden-tiary hearing. Apparently concerned, however, that the time to appeal the initial order denying the motion to dismiss might expire, Zapata filed a notice of appeal the same day the trial court agreed to reconsider the issue. We conclude that this appeal is premature and should come to us, if it does, on a more complete record.

Facts and Procedural History

The sworn allegations of the amended complaint filed by the appellee, Howett Holdings, could be summarized as a “bounced check for chartered jet” case, with Zapata outside Florida for the flight itinerary and other incidents of the charter contract. But Zapata has conceded more ties to Florida than mere social visits.
Howett does business as Unity Jets in Miami. On the basis of one-page “Aircraft Charter Service Agreements,” Howett provided a Citation X jet aircraft to transport Zapata from a New York-area airport to a Los Angeles-area airport in February 2012, and a Lear 31 jet to transport him on a return flight two weeks later. Howett alleges that Zapata’s personal cheek for $45,900 for these services (delivered to the Howett’s air crew in California) was returned for insufficient funds, resulting in separate claims for services on open account, goods and services sold and delivered, breach of contract, quantum meruit, unjust enrichment, and statutory (treble) bad check damages. The charter agreements provided that “any claim shall be adjudicated in and governed by the laws of the State of Florida.” The amended com *1192 plaint alleged long-arm jurisdiction under section 48.193(l)(a) and (b), Florida Statutes (2012),[1] although certain allegations also claim that Zapata engaged in substantial activities in Florida by presenting art works at the Art Basel art show in Miami as part of recurring sales transactions involving Florida residents.
Zapata’s affidavit declared that he is a citizen of Spain in the United States on a travel visa, with temporary residences in New York City and Los Angeles. His affidavit admitted that he is an artist and in the entertainment field, and that he travelled to meet a celebrity in Los Ange-les who ordered four pieces of art for delivery to the celebrity’s home in Miami. He asserted in his affidavit that he only visits Florida “to see friends for social occasions.” Regarding the charter flights, Zapata alleged that he signed faxed copies of them in New York.
Initially, the trial court denied Zapata’s motion to dismiss and motion to quash.[2] Zapata moved for reconsideration of that ruling, alleging that the court had overlooked or misapprehended various matters. Zapata’s motion argued that “there is no relation between a round-trip flight from New Jersey to California and [Zapata’s] alleged presentation of artwork in Miami,” but Zapata himself provided no affidavit to that effect.
The trial court considered and ruled on the motion for reconsideration on August 16, 2012, deferring ruling pending an evi-dentiary hearing. Notwithstanding that ruling, Zapata filed a notice of appeal the same day.

Analysis

The trial court did not abuse its discretion by granting Zapata’s motion for reconsideration in part, determining that the parties’ conflicting sworn allegations warranted an evidentiary hearing. Tobacco Merchants Ass’n of the U.S. v. Broin, 657 So.2d 939, 941 (Fla. 3d DCA 1995) (“If the plaintiff files a counter-affidavit raising conflicting facts, the trial court should then hold a limited evidentiary hearing to resolve any disputed facts relating to jurisdiction.”). Jurisdictional discovery and a limited evidentiary hearing confined to the jurisdictional issues are the appropriate procedural remedies for resolving this threshold matter. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989); Sutton v. Smith, 603 So.2d 693, 698 (Fla. 1st DCA 1992).[3]
Having obtained partial relief on his own motion (with a deferral of a final ruling pending an evidentiary hearing), Zapata appealed before the hearing could be conducted. Concluding that Zapata’s appeal is thus premature, we dismiss the appeal without prejudice to either party’s right to appeal following a final ruling on *1193 personal jurisdiction. See Stern v. Cox, 651 So.2d 757 (Fla. 1st DCA 1995).
Appeal dismissed.

.(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act in this state.

. The sufficiency of service is not an issue here.

. As noted, Howett’s allegations appear to invoke substantial, not isolated, business activities by Zapata in Miami, although How-ett's amended complaint does not specifically refer to section 48.193(2), Florida Statutes (2012). The pleadings and further proceedings should clarify this ambiguity.