MAY, J.
A borrower appeals a final summary judgment of foreclosure. She argues the trial court erred in entering summary judgment when the bank failed to refute the affirmative defense of failure to comply with paragraph 22 of the mortgage which required a written notice of default. We agree and reverse.
The bank filed a verified complaint seeking mortgage foreclosure, in which it alleged that “[a]ll conditions precedent to acceleration of this Mortgage Note and to the foreclosure of the Mortgage have been fulfilled or have occurred.” Copies of the note and mortgage were attached to the complaint. Paragraph 22 of the mortgage required the bank to give the borrower written notice prior to accelerating the loan and to inform her of her right to cure the default within thirty days from the notice (“default notice”).
The borrower answered and asserted affirmative defenses, including the bank’s failure to comply with paragraph 22 of the mortgage. The bank replied and asserted compliance with all conditions precedent. It attached a copy of the default notice and a copy of the envelope in which it was sent.
The bank moved for summary judgment. It argued the borrower failed to make payments, the bank was the owner and holder of the note, and relied on its verified complaint. The bank attached an affidavit from its Special Assets Manager, who attested that:
(1) she has personal knowledge of all the facts;
(2) she reviewed the bank’s files and records which are kept in the ordinary course of the bank’s business and it is the bank’s regular practice to keep such files and records;
(3) a copy of the loan history report as contained in the bank’s records was attached to the affidavit;
(4) each and every allegation in the verified complaint is true and correct;
(5) the bank received no money from the borrower since the bank sent out the last default notice; and
(6) the borrower owed a specified amount.
The bank attached the loan payment history to the affidavit, but the default notice was not attached to either the motion or affidavit. The bank filed the original note, mortgage, and assignment of mortgage.
The borrower filed an unsigned and un-notarized affidavit in opposition to the bank’s motion.- In it, the borrower stated that she did not receive the default notice. The trial court entered final summary judgment in favor of the bank. From that final judgment, the borrower now appeals.
The borrower argues the trial court erred in entering summary judgment for the bank because it failed to prove compliance with the requirements of paragraph 22 of the mortgage — sending a default notice to the borrower. As a result, the bank failed to conclusively rebut the borrower’s affirmative defense. The bank responds that it met its burden because the verified complaint alleged its compliance with all conditions precedent; in its affidavit, the bank’s witness attested that all allegations in the complaint were true; and it attached a copy of the default notice and envelope to its reply.
We have de novo review. Jaffer v. Chase Home Fin., LLC, 155 So.3d 1199, 1201 (Fla. 4th DCA 2015).
“When a party raises affirmative defenses, ‘[a] summary judgment should not be granted where there are issues of fact raised by [the] affirmative defense[s] which have not been effectively factually *1290 challenged and refuted.”’ Alejandre v. Deutsche Bank Trust Co. Ams., 44 So.3d 1288, 1289 (Fla. 4th DCA 2010) (alterations in original) (quoting Cufferi v. Royal Palm Dev. Co., 516 So.2d 983, 984 (Fla. 4th DCA 1987)).
The sole issue to decide is whether the bank sufficiently rebutted the .borrower’s affirmative, defense that it failed to comply with the condition precedent of sending the borrower a default notice in accordance with paragraph 22 of the mortgage. We hold the bank failed to meet its burden of proof.
The default notice attached to the bank’s reply was insufficient evidence because it was npt attached to an affidavit or otherwise sworn to, and thus unauthenticated. Bryson v. Branch Banking & Trust Co., 75 So.3d 783, 784-86 (Fla. 2d DCA 2011). “Merely attaching documents which are not ‘sworn to or certified’ to a motion for summary judgment does not, without more, satisfy -the procedural strictures inherent in Fla. R. Civ. P. 1.510(e).” Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th. DCA 1997).
Rule 1.510(c) also requires that all evidence in support of a motion for summary judgment be served at least twenty days prior to the hearing. Fla. R. Civ. P. 1.510(c). Here,* the bank failed to serve the default notice as evidence in support of its summary judgment twenty days prior to the hearing.
The verified complaint was also insufficient evidence. It simply álleged, “All conditions precedent to the acceleration of this Mortgage Note and to the foreclosure of the Mortgage have been fulfilled- or have occurred.” The verification signed by the witness stated that “the facts alleged therein ai-e true and correct to the best of my knowledge and belief.” “While a verified complaint may serve the same purpose as an affidavit for purposes of a summary judgment, the complaint’s allegations must meet the requirements of the rule governing supporting and opposing affidavits.” Lindgren v. Deutsche Bank Nat’l Trust Co., 115 So.3d 1076, 1076 (Fla. 4th DCA 2013); see Fla. R. Civ. P. 1.510(e). There was nothing in the complaint indicating it was based upon personal knowledge.
Finally, the bank’s affidavit which verified the allegations in the complaint were true, was also insufficient. The affi-ant attested that she has personal knowledge of all the facts stated therein and “[t]hat each and every allegation contained in Plaintiffs Complaint, [is] true and correct and [is] herein affirmed by your Affi-ant.”
The addition of the phrase that the affi-ant is “personally knowledgeable” with respect to the allegations of the complaint adds nothing, since it is not a statement of fact, but is itself a mere conclusion or opinion of the affiant.
Nour v. All State Pipe Supply Co., 487 So.2d 1204, 1205 (Fla. 1st DCA 1986).
The bank failed to prove that it sent the borrower the default notice required by paragraph 22 of the mortgage. -It failed to rebut the borrower’s affirmative defense. The trial court erred in entering summary judgment.

Reversed and Remanded.

WARNER and CONNER, JJ., concur.