DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MATTHEW WARE, JESSICA BELL, TEREZA LANDRUM, CAROLINE WELLS, CALLI PASTOR, JAMES JACOBS** and **JESSE CAMBPELL,**
Appellants,

v.

**CITRIX SYSTEMS, INC.,**
Appellee.

No. 4D18-1372

[November 7, 2018]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jack B. Tuter, Judge; L.T. Case No. CACE 17-018715 (07).

James A. Gale, Samuel A. Lewis, and David M. Stahl of Cozen O'Connor, Miami, for appellants.

April Boyer and Yamilet Hurtado of K&L Gates LLP, Miami, for appellee.

GROSS, J.

We confront an increasingly common factual scenario: whether Florida can assert personal jurisdiction over the defendant employees of a Florida company who work remotely in another state and whose contacts with Florida are something less concrete than those of an employee physically located in the state.

In this case, a Florida corporation sued seven former employees who reside in North Carolina. The employees challenged Florida's personal jurisdiction over them in a motion to dismiss. The two sides filed competing affidavits. The trial court denied the defendants' motion without holding an evidentiary hearing. We reverse because the facts that emerge from the clash of affidavits cannot be harmonized in order to establish personal jurisdiction. On remand, the circuit court shall hold a limited evidentiary hearing on the jurisdictional issue.

The appellants here are all former employees of Citrix Systems, Inc., a software company with its principal place of business in Broward County,

Florida. All seven appellants worked in sales at the company's office in Raleigh, North Carolina, and are North Carolina residents. This suit arose when the appellants left Citrix to work for another software company, Egnyte. Egnyte is a Delaware company with its principal place of business in California, but the appellants all work out of its North Carolina office.

Citrix sued the appellants in Broward County, claiming breach of contract, misappropriation of trade secrets, unfair and deceptive trade practices, conversion, and unjust enrichment. Citrix alleged that the appellants had accessed confidential business information from their Citrix ShareFile[1] accounts and later shared that information with Egnyte.

Citrix contends that in leaving Citrix for Egnyte, the appellants violated their non-compete agreements. Those agreements all contain the same forum selection clause:

> I understand that this Agreement will be governed by, construed and enforced in accordance with the laws of the State of Florida, where Citrix's corporate headquarters are located, without regard to its principles of conflict of laws. I agree that any action, suit or proceeding, including but not limited to any proceeding for injunctive or declaratory relief, arising out of this Agreement, shall be initiated only in the state or federal courts located in Broward County in the State of Florida, and I waive any objection (including objections regarding lack of personal jurisdiction and objection to the convenience of the forum) that I may now or hereafter have to such venue or jurisdiction in any action, suit or proceeding brought in any State or federal court located in Broward County, Florida. I hereby specifically consent to appear in the state and federal courts of the State of Florida and agree that this Agreement as well as such other contact I have had with the State of Florida is sufficient to provide me with notice that the state or federal courts located in Broward County, in the State of Florida, will be the forum for any action, suit or proceeding arising out of this Agreement.

Citrix pleaded several bases for jurisdiction in its complaint:

---

[1] ShareFile is the Citrix product the appellants sold while working for Citrix. It is an online server-based storage system that allows users to access files by logging into a secure system from a computer. In the course of their employment with Citrix, each of the appellants had access to a ShareFile account used to store both professional and personal information.

- Appellants consented to jurisdiction via the forum selection clause.
- Appellants "engaged in or conducted business in Florida" and "had substantial contacts with Florida" while employed by Citrix.
- A substantial part of the appellants' tortious conduct was directed to Florida and caused damage in Florida and "some of the tortious conduct" occurred in Florida.
- Appellants "would have had access to and used applications and IT services delivered from servers and other IT resources housed in Florida."
- Appellants breached contractual obligations to a Florida company.

We review de novo a trial court's denial of a motion to dismiss for lack of personal jurisdiction. *Dickinson Wright, PLLC v. Third Reef Holdings, LLC*, 244 So. 3d 303, 306 (Fla. 4th DCA 2018).

Among its bases for jurisdiction, Citrix's complaint pleads three statutory grounds for long-arm jurisdiction, alleging that the appellants:

> 1. Operat[ed], conduct[ed], engag[ed] in, or carr[ied] on a business or business venture in this state or ha[d] an office or agency in this state.
>
> 2. Commit[ed] a tortious act within this state.
>
>     . . .
>
> 7. Breach[ed] a contract in this state by failing to perform acts required by the contract to be performed in this state.

§ 48.193(1)(a)1-2, 7, Fla. Stat. (2017).

The Florida Supreme Court laid out the test for long-arm personal jurisdiction in *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989):

> In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.

*Id.* at 502 (citation omitted).

This two-step process governs our analysis of this case even though there was a forum selection clause. This is so because a forum selection clause cannot serve as the **sole** basis for Florida to exercise personal jurisdiction over an objecting non-resident defendant. *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 544 (Fla. 1987); *Hatfield v. AutoNation, Inc.*, 915 So. 2d 1236, 1243 (Fla. 4th DCA 2005).

Under step one of *Venetian Salami*, once a defendant contests the factual allegations forming the basis for jurisdiction, the burden shifts to the plaintiff to prove by its own affidavit or affidavits that jurisdiction exists. *Venetian Salami*, 554 So. 2d at 502. "In most cases, the affidavits can be harmonized, and the court will be in a position to make a decision based upon facts which are essentially undisputed." *Id.* at 502-03. When the affidavits cannot be harmonized, however, the trial court must hold a limited evidentiary hearing with regard to jurisdiction. *Id.*

The trial court below denied the appellants' motion to dismiss, concluding that the appellants did not "adequately contest **all** of [Citrix's] jurisdictional allegations." "For instance," the court wrote, "the affidavits . . . do not contest [Citrix's] allegation the [appellants] committed tortious acts in Florida by misappropriating confidential and proprietary information . . . which, as alleged by [Citrix], is maintained on servers located in Florida and to which [appellants] had access."

We proceed keeping in mind the principle that "a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee." *Kitroser v. Hurt*, 85 So. 3d 1084, 1088 (Fla. 2012) (observing that it "may be unfair" to make an individual defend himself in a forum in which his only relevant contacts are acts performed outside of the forum solely for the benefit of his employer).

In light of this principle and our observation that notions of personal jurisdiction have evolved with the growth of technology, *Le v. Tralongo, LLC*, 239 So. 3d 704, 707 (Fla. 4th DCA 2018), we consider all of the bases for jurisdiction pled by Citrix. In doing so, we apply the first prong of *Venetian Salami*—that is, whether the affidavits from the two sides can be harmonized so as to support a finding of jurisdiction based on "essentially undisputed" facts or whether a hearing on the facts regarding jurisdiction is required. *See Venetian Salami*, 554 So. 2d at 503.

### Forum Selection Clause

As discussed above, a forum selection clause designating Florida as the forum state cannot serve as the sole basis for Florida to exercise personal

jurisdiction over an objecting non-resident defendant. *McRae*, 511 So. 2d at 544. Thus, without more, the employees' contractual forum selection clauses are not enough to hale them into Broward County. We note that "a [forum selection] clause may be considered as a factor that weighs in favor of exercising personal jurisdiction over a nonresident defendant where other grounds exist to exercise such jurisdiction." *Hatfield*, 915 So. 2d at 1243 (citing *Global Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 469 (Fla. 4th DCA 2003) ("[W]hen jurisdiction is based on the breach of a contract in Florida coupled with a Florida venue selection clause, the defendant has given implied consent to personal jurisdiction in the forum State and has, in essence, conceded minimum contacts[.]")).

### *Florida Business Contacts*

Citrix also pleads personal jurisdiction over the seven North Carolina employees based on their various contacts with Florida over the course of their employment. This ground for jurisdiction based on Florida business contacts is found in section 48.193(1)(a)1, Florida Statutes. According to Citrix, the appellants' Florida contacts included supervision by the company's Florida headquarters, remote calls and conferences with Florida, communications with the Florida office, and attendance at training and other meetings in Florida.

However, all seven employees denied having any meaningful or routine contacts with Florida and generally denied Citrix's characterization of their relationship to the Florida office. For example, most of them claimed to have been supervised for only a short time, if at all, by employees in the Florida office, in almost all cases indirectly. Additionally, the appellants claimed that their meetings in Florida were infrequent and short, with the longest lasting just a few days. The appellants also denied any regular video or teleconferences with Citrix's Florida headquarters.

Citrix, meanwhile, submitted its own affidavits from Florida employees claiming to be the direct supervisors of the North Carolina employees. These affidavits described routine sales phone calls and training programs based out of Florida that the appellants were required to attend. Thus, the parties dispute how routine the appellants' contact with Florida was and to what degree they interacted with the Florida office.

Where affidavits contest the factual allegations of jurisdiction, the court must consider whether only those harmonizable, "essentially undisputed" allegations could support a finding of personal jurisdiction. *See Venetian Salami*, 554 So. 2d at 503. Considering the appellants' and appellee's dueling affidavits here, the only "essentially undisputed" allegations on the

section 48.193(1)(a)1 grounds are that the appellants each had some contact with the Florida office and that most of them traveled to Florida one to three times as part of their work for Citrix.

Given how little is "essentially undisputed" here, it is not proper to find personal jurisdiction on the basis of the appellants' Florida business contacts; instead, an evidentiary hearing on the subject is required. *See id.* Because Florida courts have ruled differently based on the extent of a non-resident's Florida contacts, a hearing is necessary to establish the degree to which the appellants were engaged with business in Florida via Citrix. *See, e.g., Biloki v. Majestic Greeting Card Co., Inc.*, 33 So. 3d 815, 821 (Fla. 4th DCA 2010) (finding no general jurisdiction where non-resident defendants contracted with Florida company, traveled to Florida for one meeting, and ordered products from Florida office); *Hatfield*, 915 So. 2d at 1242-43 (finding "continuous and systematic general business contact" warranting exercise of jurisdiction where evidence showed that defendant attended meetings, regularly communicated with Florida office, used Florida website almost daily, and attended weekly conference calls); *Ocean Chem. Trans., Inc. v. Cotton*, 702 So. 2d 1272, 1272 (Fla. 1st DCA 1997) (finding that defendant-shipowner's port stops, phone calls, and agency relationships in Florida were insufficient to give rise to specific personal jurisdiction); *Nordmark Presentations, Inc. v. Harman*, 557 So. 2d 649, 651 (Fla. 2d DCA 1990) (noting that defendant's uncontested attendance at two Florida meetings, assignment of work by Florida company, supervision by Florida company, and exchange of job information with Florida company were sufficient minimum contacts).

### *Tortious Conduct*

The appellants all generally denied misappropriating Citrix's confidential information. Citrix responded, essentially restating the grounds for personal jurisdiction from its complaint and attaching declarations from Citrix employees regarding the appellants' various Florida contacts throughout the course of their employment with the company.

However, to the degree the trial court's order was based on the allegations of tortious conduct in Florida, its conclusion appears to be unsupported by the record. As discussed above, each of the appellants denied misappropriating information and unequivocally claimed that the appellants did not retain or share any Citrix information. All seven appellants denied providing information to Egnyte.

To be sure, the appellants did not deny that Citrix's information was stored on Florida servers, but the denial of any misappropriation in the first place is enough to bring the entire allegation of tortious conduct in or directed at Florida into question, at least for the purpose of squaring jurisdictional affidavits. Additionally, even if taken as true, the fact that Citrix was injured by the appellants' alleged conduct would not be enough to support jurisdiction. *See Consol. Energy, Inc. v. Strumor*, 920 So. 2d 829, 832 (Fla. 4th DCA 2006) ("[M]ere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a non-resident defendant." (citation omitted)).

While the question of whether the appellants misappropriated Citrix's business information is one of the ultimate merits issues in the case, it may still be the subject of a *Venetian Salami* inquiry. *See Holland v. Anheuser Busch, Inc.*, 643 So. 2d 621, 623 n.2 (Fla. 2d DCA 1994) (recognizing that "under certain circumstances a trial court, on a motion to dismiss supported by affidavit, has the authority to decide ultimate issues of fact relating to jurisdiction over the person"). On remand, the trial court should consider whether, as a factual matter, the appellants would have been able to access Citrix's Florida servers to obtain confidential business information, which could bring them under the ambit of Florida's long-arm statute. In doing so, it need not decide the ultimate legal question of whether the appellants are actually liable for the various acts alleged in Citrix's complaint.

### Access to Florida Servers and I.T. Resources

Citrix also claims that Florida can assert personal jurisdiction over the appellants because they utilized Citrix's Florida-based computer servers and I.T. resources while working for the company. This basis for jurisdiction has no foundation in Florida's long-arm statute except to the extent that it could tie in to a general allegation of Florida business contacts, which we have already considered. As such, it is not a valid standalone basis for extending long-arm jurisdiction. Relatedly, although we do not reach the issue here, the Third District has warned that finding personal jurisdiction based merely on a party's use of computer resources housed in a state might raise due process issues. *See Pres-Kap, Inc. v. System One, Direct Access, Inc.*, 636 So. 2d 1351, 1353 (Fla. 3d DCA 1994).

### Breach of Contractual Obligation to Florida Company

Finally, Citrix asks Florida to assert personal jurisdiction based on the appellants' breach of their contract with Citrix, a Florida company. While this ground for jurisdiction resembles that laid out in section 48.193(1)(a)7, Florida Statutes, it differs in one important way. Section

48.193(1)(a)7 only extends jurisdiction when a party breaches a contract "by failing to perform acts **required by the contract** to be performed" in Florida. § 48.193(1)(a)7 (emphasis added).

Here, there is no allegation that the appellants failed to perform any acts required by their contracts to be performed in Florida. Thus, Florida cannot assert jurisdiction based on section 48.193(1)(a)7. Nor is jurisdiction proper under the theory that the appellants contracted with Citrix, a Florida company. *See Wash. Capital Corp. v. Milandco, Ltd., Inc.*, 695 So. 2d 838, 841 (Fla. 4th DCA 1997) ("It is not enough that a foreign defendant merely contract with a Florida resident."). Therefore, this ground for jurisdiction fails.

Citrix has claimed jurisdiction based on several facts that were contested by the appellants' affidavits. Once the appellants filed affidavits denying Citrix's factual assertions, the factual bases for jurisdiction were sufficiently challenged so as to trigger the first prong of *Venetian Salami*. Under that prong, Citrix properly presented its own affidavits supporting jurisdiction. However, because the parties' affidavits were irreconcilable as to the essential facts giving rise to jurisdiction, a *Venetian Salami* jurisdictional hearing was required. 554 So. 2d at 503. The trial court erred in failing to hold the hearing and we reverse for it to hold one.

*Reversed and remanded.*

DAMOORGIAN and FORST, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**