DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NINGBO DAYE GARDEN MACHINERY CO., LTD.,**
Appellant,

v.

**INTERNATIONAL GLOBAL RESOURCES CORP.
d/b/a GLOBAL RETAIL SOLUTIONS** and **DAYE NORTH AMERICA, INC.,**
Appellees.

No. 4D2023-0803

[February 14, 2024]

Appeal of non-final order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Jennifer Alcorta Waters, Judge; L.T. Case No. 19001238CAAXMX.

Erin Pogue Newell of Erin Pogue Newell, PLLC, Fort Lauderdale, Michelle M. Deeb of Law Offices of Deeb + Deeb, P.A., Coral Gables, and Anthony S. Fernandez of Daye North America, Inc., Charlotte, North Carolina for appellant.

Preethi Sekharan and Jack Aiello of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for appellee International Global Resources Corp. d/b/a Global Retail Solutions.

PER CURIAM.

Ningbo Daye Garden Machinery ("Daye"), a Chinese corporation, challenges the circuit court's order denying its motion to dismiss for lack of personal jurisdiction in a breach of contract and tortious interference with business relations action. We reverse because the parties' agreement does not establish a Florida court's personal jurisdiction over Daye and appellee International Global Resources ("GRS") did not otherwise establish that Daye had minimum contacts within Florida.

## *Background*

GRS is a Martin County, Florida-based company that supplies merchandise manufactured in Asia to global retailers, and Daye is a foreign company authorized to do business in China. GRS brought the underlying action against Daye for breach of contract and interference with business relations, alleging that Daye breached their 2017 Vendor Agreement by prematurely terminating it

and failing to pay GRS and tortiously interfered with GRS' business relations by soliciting a GRS employee for employment. The second amended complaint also alleged that Daye, through its out-of-state subsidiary, Daye North America Inc. ("DNA"), did business with franchised dealers in Florida.

GRS' third amended complaint alleges that personal jurisdiction exists over Daye in Florida because paragraph 9 of the Agreement complies with section 685.102, Florida Statutes (2023), and because sufficient minimum contacts exist to support personal jurisdiction. Paragraph 9 of the Agreement states: "The within Agreement shall be governed by the laws of the State of Florida, Martin County. In the event that an action arises by virtue of this agreement, the prevailing party will be entitled to reimbursement of all reasonable attorney fees and costs incurred in such action."

Daye moved to dismiss GRS' third amended complaint, arguing that paragraph 9 does not constitute a forum selection clause and that GRS failed to establish minimum contacts. The trial court denied Daye's motion, finding that paragraph 9 of the Agreement established the parties agreed Martin County would exercise jurisdiction over the dispute. The trial court also determined GRS' allegations that Daye breached the Agreement and committed a tortious act in Florida were sufficient to bring the action within the ambit of the long-arm statute, and that sufficient minimum contacts were alleged to satisfy due process.

### *Analysis*

A circuit court's ruling on a motion to dismiss for lack of personal jurisdiction is reviewed de novo. *Wallace Buick Co. v. Rite Way Auto Transp. LLC*, 279 So. 3d 151, 153 (Fla. 4th DCA 2019). Because no evidentiary hearing occurred in this case, we do not defer to the circuit court's determination of facts or witness credibility. *See Dev. Corp. of Palm Beach v. WBC Constr., L.L.C.*, 925 So. 2d 1156, 1160 (Fla. 4th DCA 2006). Contract interpretation is also a question of law, "and an appellate court is not restricted in its review powers from reaching a construction contrary to that of the trial court." *Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A.*, 771 So. 2d 628, 631 (Fla. 4th DCA 2000).

To establish personal jurisdiction over a non-resident, Florida courts must first determine whether the complaint alleges sufficient facts to bring the action within Florida's long-arm statute. *See Wallace Buick*, 279 So. 3d at 153 (citing *Rolls-Royce, PLC v. Spirit Airlines, Inc.*, 239 So. 3d 709, 712-13 (Fla. 4th DCA 2018)). If the complaint alleges sufficient jurisdictional facts, the court must then determine whether sufficient minimum contacts exist between the defendant and Florida to satisfy due process. *See id.* A contract between parties can satisfy both prongs if it complies with section 685.102's requirements, was

freely negotiated, and is not unreasonable or unjust. *See Jetbroadband WV, LLC v. MasTec N. Am., Inc.,* 13 So. 3d 159, 163 (Fla. 3d DCA 2009).

Section 685.102 provides:

> Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which **a choice of the law in this state, in whole or part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside the state agrees to submit to the jurisdiction of the courts of this state.**

§ 685.102(1), Fla. Stat. (2023) (emphasis added). Among the requirements to satisfy personal jurisdiction under section 685.102 are the requirements that the agreement include "a choice of law provision designating Florida law as the governing law" and a forum selection clause "whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida." *Hamilton v. Hamilton,* 142 So. 3d 969, 971–72 (Fla. 4th DCA 2014) (citing *Jetbroadband WV, LLC,* 13 So. 3d at 162).

Daye argues that the Agreement does not contain a forum selection clause. We agree.

"Where a contract is clear and unambiguous, it must be enforced pursuant to its plain language." *Tribeca Asset Mgmt., Inc. v. Ancla Int'l, S.A.,* 336 So. 3d 246, 248 (Fla. 2022). In *Tribeca,* the contract provision titled "APPLICABLE LAW" stated: "This agreement shall be governed by the laws of the State of Florida of the United States of America (USA), a jurisdiction accepted by the parties irrespective of the fact that the principal activity of the [contract] will be conducted in Colombia." *Id.* at 247. The Florida Supreme Court concluded this provision was not a forum selection clause, but a choice-of-law provision. *Id.* at 248. The Court noted that the word "laws" is modified by the phrase "the State of Florida and of the United States," which made it clear Florida law would govern the agreement. *Id.* "The word 'jurisdiction' clarifies that the parties chose the location of Florida as the source of law governing the [a]greement." *Id.*

We analyzed the following provision in *Intercapital Funding Corp. v. Gisclair,* 683 So. 2d 530, 532 (Fla. 4th DCA 1996): "GOVERNING LAW: This Purchase and Sale Agreement has been made and is performable in West Palm Beach, Palm Beach County, Florida and shall be governed by the Laws of the State of Florida." We found that the provision was not a forum-selection clause. *Id.* It

was entitled "Governing Law," did not contain either the word "forum" or "venue," and "there was no evidence in the record from which the court below could have concluded that the parties intended the provision to serve as an agreement for venue in a certain county in the event of a suit." *Id.* We also noted that even if the provision could be viewed as a forum-selection clause, it used the permissive phrase "is performable in West Palm Beach" rather than mandatory language such as "is only performable in West Palm Beach." *Id.*

Here, paragraph 9's plain language refers only to the parties' choice of law and not forum selection. While paragraph 9 is untitled, it does not contain the word "forum," nor does it mention or make any reference to "venue," or "jurisdiction." *See id.* The word "laws" is modified by "the State of Florida, Martin County," which indicates the parties wanted their agreement to be governed by Florida law. *See Tribeca Asset Mgmt., Inc.*, 336 So. 3d at 248. Although paragraph 9 uses the mandatory word "shall," the record does not show the parties intended the provision to require that Martin County would be the proper venue in the event of a suit. *See Gisclair*, 683 So. 2d at 532. Additionally, the inclusion of the "United States of America," and "West Palm Beach, Palm Beach County" in the forementioned cases were not found to be superfluous such that the provisions were held to be forum selection clauses. Finally, we do not find paragraph 9's second sentence regarding attorneys' fees indicates that the parties agreed to jurisdiction in Florida.

Although paragraph 9 does not establish personal jurisdiction over Daye, the trial court also found that jurisdiction could be established under the tortious interference count, and we agree. Therefore, we next analyze whether GRS alleged sufficient minimum contacts to satisfy due process.

"A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). The burden then shifts to the plaintiff "to prove by affidavit the basis upon which jurisdiction may be obtained." *See id.* (citation omitted). If the affidavits can be harmonized, the court can render a decision based upon the undisputed facts. *See id.* at 502–03. However, if the affidavits cannot be harmonized, the court must hold a "limited evidentiary hearing" to determine the jurisdiction issue. *See id.* at 503; *see also Ware v. Citrix Sys., Inc.*, 258 So. 3d 478, 485 (Fla. 4th DCA 2018) ("[B]ecause the parties' affidavits were irreconcilable as to the essential facts giving rise to jurisdiction, a *Venetian Salami* jurisdictional hearing was required.") (citing *Venetian Salami*, 554 So. 2d at 503).

In support of its motion to dismiss for lack of personal jurisdiction, Daye filed the affidavit of its president, James Ye. Ye's affidavit stated that Daye's principal place of business is in China, Daye's equipment is manufactured in China and

then shipped directly to South Carolina, DNA is a subsidiary of Daye with a principal place of business in North Carolina, and DNA is fully and independently responsible for the marketing and sales of Daye's products in North America.

Regarding Daye's contacts with Florida, Ye's affidavit stated: Daye has never, directly or indirectly, transacted business in Florida; Daye does not have any agents, brokers, jobbers, wholesalers, or distributors in Florida; Daye does not have any offices, manufacturing plants, distribution or service centers in Florida; Daye does not have any employees in Florida nor a person or subsidiary in Florida who can exercise discretion or control over Daye; Daye does not have any bank accounts, mailing addresses, or telephone numbers in Florida; Daye has never been obligated to pay taxes in Florida; Daye does not have a registered agent in Florida; and Daye has never directly sold, cosigned or leased personal property to any person, firm, or corporation in Florida.

GRS acknowledges it did not file an affidavit in response to Ye's affidavit, but argues its previous affidavit filed in this case and its third amended complaint can be considered as counterevidence to jurisdiction. On its face, this argument is well taken, as we have previously explained:

> Although *Venetian Salami* did use the term "affidavits" in describing the procedure for a challenge to personal jurisdiction, this was probably because motions to dismiss are usually filed so early in a case that other forms of sworn proof are not available. The purpose of affidavits is to identify salient facts so the trial court can either harmonize competing affidavits and rule on the jurisdictional issue or set a limited evidentiary hearing if facts are in conflict. There is nothing magical about affidavits such that they should be the only method of crystalizing jurisdictional facts. Other competent sworn proof, such as depositions or a verified complaint may substitute for affidavits to support parties' allegations as to jurisdiction.

*Plantation-Pioneer Indus. Corp. v. Koehler*, 689 So. 2d 1293, 1294 (Fla. 4th DCA 1997) (first citing *Stern v. Cox*, 651 So. 2d 757 (Fla. 1st DCA 1995); and then citing *Tobacco Merchs. Ass'n v. Broin*, 657 So. 2d 939, 941 n.3 (Fla. 3d DCA 1995)). However, because the verification of GRS' third amended complaint was not made on the affiant's personal knowledge, it did not "constitute legally sufficient evidence to be considered by the court." *See Estes v. Rodin*, 259 So. 3d 183, 199 (Fla. 3d DCA 2018) (citing *Toyos v. Helm Bank, USA*, 187 So. 3d 1287, 1290 (Fla. 4th DCA 2016)). Specifically, GRS' third amended complaint states the affiant "has read and is familiar with the contents of the foregoing and same are true and correct to the best of his knowledge." Similarly, in *Estes*, the verification was not based on the appellants' personal knowledge "but was 'to the best of [their] knowledge and belief.'" *Id.*; *see Lindgren v. Deutsche Bank Nat'l Tr.*

*Co.*, 115 So. 3d 1076, 1076 (Fla. 4th DCA 2013) ("While a verified complaint may serve the same purpose as an affidavit for purposes of summary judgment, the complaint's allegations must meet the requirements of the rule governing supporting and opposing affidavits."); *see also* Fla. R. Civ. P. 1.510(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge . . . .").

This leaves as possible counterevidence to Daye's affidavit the joint affidavit filed by Fred Simon, GRS' CEO, and Jeff Chaban, GRS' president. The joint affidavit states: Daye's products are sold in Florida; Daye's subsidiary DNA does business in Florida; and Daye, as the parent corporation, exercises a degree of control over DNA such that the activities of DNA were in fact those of Daye. However, this joint affidavit was filed ahead of GRS' second amended complaint to support its prior theory that Daye's alleged indirect business engagements vis-à-vis DNA subjected it to jurisdiction under section 48.181(3). This is a theory which GRS abandoned. Thus, we find the joint affidavit's limited allegations are not sufficient to establish minimum contacts.

Because GRS did not file a counter-affidavit or provide any sworn proof to prove jurisdiction in response to Daye's legally sufficient affidavit, the circuit court should have granted Daye's motion to dismiss. *See Rollet v. De Bizemont*, 159 So. 3d 351, 356 (Fla. 3d DCA 2015) (explaining that once the burden has shifted, "[i]f no such sworn proof is forthcoming from the plaintiff as to the basis for jurisdiction, *the trial court must grant the defendant's motion to dismiss*.") (emphasis in original) (internal citations omitted).

We reverse and remand with instructions to dismiss the third amended complaint without prejudice for GRS to file an amended complaint with supporting affidavits that may allege Daye has sufficient minimum contacts with Florida to satisfy due process. *See Video Indep. Med. Examination, Inc. v. City of Weston*, 792 So. 2d 680, 681 (Fla. 4th DCA 2001) (explaining that leave to amend a pleading should be granted unless it would clearly prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile) (citations omitted). If the competing affidavits cannot be harmonized, a limited evidentiary hearing may be necessary. *See Ware*, 258 So. 3d at 485 (citing *Venetian Salami*, 554 So. 2d at 503). We affirm on all other issues without comment.

*Reversed and remanded.*

KLINGENSMITH, C.J., LEVINE and KUNTZ, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**