# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**JAIMINI VYAS,**

Appellant,

v.

**AMERICAN VAN LINES, INC.,**

Appellee.

No. 4D2025-2265

[March 4, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Corey A. Cawthon, Judge; L.T. Case No. 062025CC007665AXXXSO.

Jaimini Vyas, Brooklyn, New York, pro se.

Vincent O'Brien and Alice E. Solomon of O'Brien & Solomon, LLP, Pembroke Pines, for appellee.

MAY, J.

Personal jurisdiction is questioned in this appeal from an order denying the defendant's motion to dismiss a small claims action brought by a moving company. The defendant argues that the trial court erred in denying his motion because the court lacks personal jurisdiction over him as a non-resident and because venue is both improper and inconvenient.[1] We agree that the trial court lacks personal jurisdiction over the defendant and reverse on that issue only.

- ***The Facts***

---

[1] The defendant also argues that the trial court erred in denying his motion because the plaintiff failed to state a proper cause of action and committed fraud upon the court by seeking to enforce a fabricated contract. We do not address those issues because the trial court's order is appealable at this stage only on the issues of personal jurisdiction and venue. *See* Fla. R. App. P. 9.130(a)(3)(A), (a)(3)(C)(i), (a)(3)(C)(viii).

The defendant, a New York resident, hired the plaintiff to move certain household items from a storage unit in Colorado to his home in New York. The plaintiff is a Florida corporation that maintains its headquarters in Broward County.

The defendant electronically signed an interstate bill of lading contract on November 7, 2023, based on an estimate of about $4,200. He also signed a separate document titled "terms and conditions" that was incorporated into the contract.

The defendant arranged for a friend to meet the plaintiff at the storage facility in Colorado to assist the plaintiff in accessing the facility and unlocking the storage unit. The defendant signed a broad power of attorney, which designated the friend as his agent and gave him full authority to modify or execute contracts on the defendant's behalf.

The friend met the plaintiff at the storage facility on November 15, 2023. On that date, he signed a new interstate bill of lading contract based on a new on-site estimate of about $7,400, which included a full inventory of the contents of the storage unit. The friend did not sign a new copy of the terms and conditions.

The defendant refused to pay the new amount and refused delivery of his belongings.

The plaintiff sued the defendant, alleging breach of contract and unjust enrichment claims. The plaintiff attached: (1) the interstate bill of lading contract the defendant signed on November 7, 2023; (2) the terms and conditions the defendant signed on November 7, 2023; and (3) the interstate bill of lading contract the defendant's friend signed on November 15, 2023.

The plaintiff alleged the defendant was "subject to Florida jurisdiction," pursuant to section 15 of the terms and conditions he signed on November 7, 2023. Section 15 provided:

> AGREED MANDATORY CHOICE OF LAW, VENUE AND JURISDICTION. **If a lawsuit becomes necessary to resolve any dispute between [the plaintiff] and [defendant], said suit shall and must only be brought in circuit or county court in and for Broward County, Florida**. Suits involving dispute[s] over interstate shipments must be limited to the **governing federal law**. Both parties agree to submit themselves to the jurisdiction of the Florida Courts and

agree given the relationship to the state, such exercise is reasonable and lawful. **[The defendant] consents to jurisdiction in Broward County, Florida** and hereby waives the right to be served within the State of Florida.

(Emphasis added).

The defendant moved to dismiss the complaint on several grounds. Relevant to this appeal, he argued: (1) venue in Florida was both improper and inconvenient and could not be established under section 15 of the terms and conditions because that document was not part of the contract the plaintiff was seeking to enforce, *i.e.*, the "new" contract the friend signed on November 15, 2023; and (2) the court lacked personal jurisdiction over him because there was no basis for the exercise of jurisdiction under the long-arm statute and he lacked sufficient minimum contacts with the state to satisfy due process.

Regarding minimum contacts, the defendant submitted an affidavit attesting that he is a New York resident, has never visited Florida, does not own or lease any Florida property, does not maintain a Florida office, does not conduct business in Florida, and has no contacts to Florida.

The plaintiff responded that the defendant had consented to both venue and jurisdiction in signing the November 7, 2023, terms and conditions. The defendant replied that section 15 of the terms and conditions, to the extent it applies in this case, was insufficient to establish personal jurisdiction based on consent, because the contract did not meet the requirements of sections 685.101 and 685.102, Florida Statutes (2023). The defendant also argued that the plaintiff failed to rebut his evidence that he lacked sufficient minimum contacts with the state to satisfy due process requirements.

Following a hearing, the trial court entered an order denying the motion to dismiss without explanation. From this order the defendant now appeals.

- *The Analysis*

The defendant argues that the trial court erred in denying his motion to dismiss on the grounds of venue and personal jurisdiction. The plaintiff maintains its position that the defendant consented to both venue and personal jurisdiction by signing the terms and conditions of the parties' initial contract on November 7, 2023.

3

We have de novo review of the trial court's rulings on both venue and personal jurisdiction. *See Royal Caribbean Cruises Ltd. v. Ooi*, 386 So. 3d 218, 221 (Fla. 3d DCA 2023) (citations modified); *Guarino v. Mandel*, 327 So. 3d 853, 860 (Fla. 4th DCA 2021) (citation modified).

We find no merit in the defendant's venue argument. In section 15 of the terms and conditions, the parties agreed to litigate "any dispute" between them in Broward County. That broad language includes the current dispute over the validity of the "new" contract the defendant's friend signed on November 15, 2023. Mandatory forum-selection clauses, such as the clause in section 15, are generally presumed valid and enforceable. *See Total Quality Logistics, LLC v. Trade Link Cap., Inc.*, 358 So. 3d 458, 461 (Fla. 3d DCA 2023) (citation modified). The defendant did not show that enforcing the clause in this case would be "unfair, unjust, or unreasonable." *Corsec, S.L. v. VMC Int'l Franchising, LLC*, 909 So. 2d 945, 947 (Fla. 3d DCA 2005) (quoting *Manrique v. Fabbri*, 493 So. 2d 437, 440 n.4 (Fla. 1986)).

As to personal jurisdiction, whether a Florida court can exercise personal jurisdiction over a non-resident defendant requires a two-step analysis: (1) whether the complaint sufficiently alleges a basis for jurisdiction under the long-arm statute, section 48.193, Florida Statutes (2023); and (2) whether the defendant has sufficient minimum contacts with the state to satisfy due process requirements. *Karisma Hotels & Resorts Corp. v. Hoffman*, 400 So. 3d 10, 14 (Fla. 4th DCA 2025) (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)).

Here, the only basis for personal jurisdiction alleged in the complaint is section 15 of the terms and conditions, specifically the selection of Broward County as the mandatory forum and the provision that the defendant "**consents to jurisdiction in Broward County, Florida.**" The defendant argues that, even if section 15 is enforceable to establish venue in this case, it is insufficient to confer personal jurisdiction on the court.

Generally, "[a]n agreement alone is insufficient to confer personal jurisdiction on Florida courts." *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So. 3d 159, 161 (Fla. 3d DCA 2009) (citing *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540 (Fla. 1987)); *see Ware v. Citrix Sys., Inc.*, 258 So. 3d 478, 481-82 (Fla. 4th DCA 2018). As an exception to this rule, section 48.193(1)(a)9. permits the exercise of specific personal jurisdiction over a non-resident who "[e]nter[s] into a contract that complies with s. 685.102."

4

To comply with section 685.102, the contract must contain a choice-of-law provision pursuant to section 685.101. Together, the two statutes provide that the contract must:

(1) contain a choice of law provision providing for the application of Florida law;

(2) contain a provision by which the defendant agrees to submit to the jurisdiction of the Florida courts;

(3) **involve consideration of at least $250,000**;

(4) not violate the United States Constitution;

(5) either bear a substantial or reasonable relationship to Florida or have at least one of the parties be a resident of Florida, be incorporated under the laws of Florida, or maintain a place of business in Florida;

(6) not be "[f]or labor or employment" or relate to any transaction for "personal, family, or household purposes"; and

(7) if applicable, not conflict with section 671.105(2) or section 655.55.

§§ 685.101(1), (2), 685.102(1), Fla. Stat. (2023) (emphasis added). *See Bach v. Vladigor Invs., Inc.*, 325 So. 3d 41, 44 (Fla. 4th DCA 2021); *Corporate Creations Enters. LLC v. Brian R. Fons Attorney at Law P.C.*, 225 So. 3d 296, 301 (Fla. 4th DCA 2017). When these requirements are met, the court can exercise personal jurisdiction without conducting a separate minimum contacts analysis. *Bach*, 325 So. 3d at 44.

Section 48.193(1)(a)9. does not provide a basis for personal jurisdiction in this case because the parties' contract does not comply with section 685.102. As the defendant argues, the contract does not involve consideration of at least $250,000. In addition, section 15 provides for the application of federal law, not Florida law, and the contract involves a transaction for personal, family, or household purposes. §§ 685.101(1), (2)(c), 685.102(1), Fla. Stat. (2023).

The defendant is also correct that, even if the plaintiff had pled another basis for personal jurisdiction, it failed to show the defendant has the requisite minimum contacts with Florida to allow the court to exercise jurisdiction consistent with due process requirements. *See Karisma Hotels & Resorts*, 400 So. 3d at 14 (citing *Venetian Salami*, 554 So. 2d at 502).

5

The defendant sufficiently contested minimum contacts by submitting an affidavit attesting that he is a New York resident, has never visited Florida, does not own or lease any Florida property, does not maintain a Florida office, does not conduct business in Florida, and has no contacts to Florida. The plaintiff failed to submit any evidence rebutting those allegations. *See Karisma Hotels*, 400 So. 3d at 14 (citing *Venetian Salami*, 554 So. 2d at 502); *Kent v. Marmorstein*, 120 So. 3d 604, 606 (Fla. 4th DCA 2013).[2]

In summary, the trial court erred in denying the defendant's motion to dismiss on the issue of personal jurisdiction for two reasons: (1) the plaintiff did not plead a sufficient basis for jurisdiction under the long-arm statute, and (2) even if the plaintiff had, it failed to meet its burden of proving the defendant has sufficient minimum contacts with the state to satisfy due process requirements.

*Reversed and remanded.*

LEVINE and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely-filed motion for rehearing.**

---

[2] The plaintiff suggests that minimum contacts exist because the defendant initiated and maintained contact with the plaintiff, a Florida corporation, through its website, phone calls, and emails. However, the plaintiff failed to submit any evidence to support its position. Even if the plaintiff had, those facts would be insufficient to show that the defendant had sufficient contacts *with Florida* to allow the exercise of personal jurisdiction consistent with due process requirements. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (stating that the minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there"). The defendant did not "purposefully avail" himself of the privilege of conducting business within Florida such that he should have "reasonably anticipate[d] being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (citation modified); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

6