643 So.2d 621 (1994)
Russell E. HOLLAND, Appellant,
v.
ANHEUSER BUSCH, INC., Appellee.
No. 93-02964.
District Court of Appeal of Florida, Second District.
April 8, 1994.
Burton E. Burdick, Ft. Lauderdale, for appellant.
*622 Tracy A. Raffles and George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
LAZZARA, Judge.
Russell Holland (Holland) appeals the trial court's order dismissing his amended complaint with prejudice. We conclude that the amended complaint states a valid cause of action. Accordingly, we reverse and remand with directions to reinstate the amended complaint.
Holland originally sued Anheuser-Busch, Inc. (Anheuser) in a three-count complaint alleging negligence, breach of contract, and breach of implied warranty based on injuries he allegedly suffered while a passenger on an amusement ride at Busch Gardens. Holland claimed that at the time of this incident Busch Gardens was a subsidiary of Anheuser.
Anheuser responded to the complaint by filing a perfunctory motion to dismiss. The motion alleged, without elaboration, insufficiency of process and service of process, lack of jurisdiction over the person and subject matter, failure to state a cause of action, and a violation of the applicable statute of limitations.
At the hearing on the motion, Anheuser filed an affidavit with the trial court indicating that it was not the proper party to sue, even though it had not raised this issue in the motion. The affidavit recited "[t]hat Busch Gardens is owned and operated by Busch Entertainment Corporation and not by ANHEUSER-BUSCH, INC." However, it failed to affirmatively establish that this relationship existed between Busch Gardens and Busch Entertainment Corporation on the day of Holland's injury.
The trial court granted the motion to dismiss and entered an order giving Holland thirty days to amend "versus the proper party defendant." Several days later, acting on a stipulation of counsel, the trial court rendered an amended order deleting the quoted language. The record does not reflect the basis for the stipulation.
Holland filed an amended three-count complaint alleging the same theories of liability in the original complaint. He again named Anheuser as the only defendant. However, his allegations as to Anheuser's ownership and control over Busch Gardens on the day he was injured were more extensive.
Anheuser responded with another motion to dismiss. The motion repeated the allegations of the first motion but added the assertion that Holland had "sued the wrong defendant as Busch Gardens is owned and operated by Busch Entertainment Corporation and not by ANHEUSER-BUSCH, INC... . ."[1] Anheuser supported this new allegation by referring to the affidavit filed with the trial court at the hearing on the first motion to dismiss.
After the hearing on the second motion to dismiss, but before the trial court entered the order dismissing Holland's amended complaint with prejudice, Anheuser filed a supplemental affidavit. That affidavit repeated the facts of the first affidavit and added the significant fact, omitted from the first affidavit, that Anheuser did not own or have operational control over Busch Gardens on the day Holland was injured.
Neither the trial court's order nor the record suggests the basis for dismissal. However, it is clear from the briefs and arguments of the parties that the trial court's decision was based on a finding that Holland could not state a cause of action against Anheuser in that, based on the affidavits, it was not the proper party to sue. Such a ruling at this juncture of the proceedings was erroneous.
We conclude from the record that the trial court treated the motion to dismiss as a motion for summary judgment in determining that Holland had sued the wrong defendant. However, there is a clear distinction between the two motions. This court has held that "[a] motion to dismiss may not act *623 as a substitute for a motion for summary judgment." Temples v. Florida Industrial Construction Co., 310 So.2d 326, 328 (Fla. 2d DCA 1975).
On a motion to dismiss for failure to state a cause of action, a trial court is restricted to a consideration of the well-pled allegations of the complaint. It must accept those allegations as true and then determine if the complaint states a valid claim for relief. A trial court has no authority to look beyond the complaint by considering the sufficiency of the evidence which either party is likely to produce, or any affirmative defense raised by the defendant. Varnes v. Dawkins, 624 So.2d 349, 350 (Fla. 1st DCA 1993).[2]
In ruling on the second motion to dismiss, it is obvious that the trial court focused on matters outside the scope of the allegations of the amended complaint relating to Anheuser's proprietary interest in Busch Gardens on the day of the incident. Instead of accepting these allegations as true, the trial court improperly considered extrinsic evidence in the form of the affidavits in determining that Anheuser did not have such an interest and thus could not be sued by Holland. Fish v. Post of Amvets # 85, 560 So.2d 337 (Fla. 1st DCA 1990). See also Lewis v. Barnett Bank of South Florida, 604 So.2d 937, 938 (Fla. 3d DCA 1992) ("The law is well settled that a motion to dismiss a complaint is not a motion for summary judgment in which the court may rely on facts adduced in depositions, affidavits, or other proofs.") Although the trial court may ultimately be correct, it was inappropriate to make such a legal conclusion on a motion to dismiss. DeWitt v. Zimmerman, 366 So.2d 46 (Fla. 4th DCA 1978). Accord Cherry v. Pirrello, 324 So.2d 158 (Fla. 3d DCA 1972).
We have not overlooked Anheuser's arguments that we should treat its motion to dismiss as a mislabeled motion for summary judgment or that Holland acquiesced in the procedure used by the trial court and thus is precluded from claiming error on appeal. However, neither argument has merit.
Even if we were to conclude that Anheuser somehow mislabeled its motion to dismiss, the motion was substantively insufficient as a motion for summary judgment under Florida Rule of Civil Procedure 1.510 to enable the trial court to dismiss Holland's amended complaint with prejudice. Hall v. Ricardo, 331 So.2d 375, 376 (Fla. 3d DCA 1976) ("Mislabeling ... does not constitute error where the substance of the motion is in accordance with the rules.") (emphasis added). If the trial court relied on the first affidavit, such reliance was inappropriate since the affidavit did not conclusively refute Holland's allegations of Anheuser's ownership and operational control over Busch Gardens on the day he was injured. If the trial court relied on the supplemental affidavit that attempted to cure this date deficiency, such reliance was contrary to rule 1.510(c) in that this affidavit was not filed within twenty days of the hearing on the motion. Mack v. Commercial Industrial Park, Inc., 541 So.2d 800 (Fla. 4th DCA 1989).
Finally, there is nothing in the record to establish that Holland consented or stipulated to the trial court treating the motion to dismiss as a motion for summary judgment. Thus, Toffel v. Baugher, 111 So.2d 290 (Fla. 2d DCA 1959), and City of Clearwater v. United States Steel Corp., 469 So.2d 915 (Fla. 2d DCA 1985), are distinguishable.
In closing, we again caution against converting a motion to dismiss into a motion for summary judgment for the purpose of attempting to terminate litigation. Board of County Commissioners v. Aetna Casualty and Surety Co., 604 So.2d 850, 851 (Fla. 2d DCA 1992). Counsel must remember that *624 each motion has a separate purpose under our rules of civil procedure. A motion to dismiss is customarily designed to test the legal sufficiency of a complaint to state a cause of action, not to determine issues of ultimate fact. Pizzi v. Central Bank and Trust Co., 250 So.2d 895 (Fla. 1971). The function of a motion for summary judgment is to determine if the parties can offer sufficient proof to support the issues framed in their pleadings. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963). Thus, "[t]rial counsel should choose carefully the field upon which they wage their battles[]" in pre-trial motion practice. Aetna, 604 So.2d at 851. If they choose incorrectly, as in this case, reversal is the inevitable result.
Reversed and remanded with directions.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Holland argues that Anheuser was precluded from raising this new issue in its second motion to dismiss since it did not raise it in the first motion See Beach Development Corp. v. Stimson, 159 So.2d 113 (Fla. 2d DCA 1963). Given our reversal on another point, we need not reach this issue.
[2] We recognize that under certain circumstances a trial court, on a motion to dismiss supported by affidavit, has the authority to decide ultimate issues of fact relating to jurisdiction over the person, Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); jurisdiction over the subject matter, Barnes v. Ostrander, 450 So.2d 1253 (Fla. 2d DCA 1984); venue, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. National Bank of Melbourne and Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970); and sufficiency of service of process, Viking Superior Corp. v. W.T. Grant Co., 212 So.2d 331 (Fla. 1st DCA 1968). However, although raised in its motion to dismiss, Anheuser does not contend that the trial court's order of dismissal was based on lack of personal or subject matter jurisdiction or insufficiency of process or service of process.