PATTERSON, Judge.
Cord Moving & Storage (Cord) sued Knaus Systems, Inc. of Florida (Knaus) on an open account seeking $23,777.92 in damages for storage of Knaus’ goods in Cord’s Missouri warehouse. Without filing an answer, Knaus moved for summary judgment, asserting that it had never done business with Cord. The motion was supported by an affidavit of Knaus’ chief executive officer. Cord filed a counter-affidavit of its controller, asserting the contrary. Attached to Cord’s affidavit was a copy of a letter from “Knaus Systems” relating to goods stored with Cord and a Knaus Systems, Inc. check to Cord for $225. Both the letter and the check bear the address at which Knaus was served with the complaint and initial process. The trial court denied the motion for summary judgment.
Knaus then filed an unsworn motion to dismiss, to which it attached copies of a certificate of the Florida Department of State certifying Knaus is a Florida corporation and a similar certificate of the Secretary of State of Illinois reflecting a corporation incorporated under the laws of that state with the name of Knaus Systems, Inc. Without more, the trial court dismissed the action with prejudice. We reverse.
The complaint essentially tracks Florida Rule of Civil Procedure form 1.932 (Open Account) and, therefore, states a cause of action on its face. The trial court had previously considered the issue of whether the parties did business with one another on the motion for summary judgment which the court denied. We are at a loss to know why the court granted the motion to dismiss because the final order states no basis for the dismissal. We are left to conclude that the court looked beyond the four corners of the complaint in making its determination, which it cannot do. See Holland v. Anheuser Busch, Inc., 643 So.2d 621 (Fla. 2d DCA 1994). Accordingly, we reverse with directions that the complaint be reinstated.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND, J., concur.