787 So.2d 939 (2001)
Marzuk AL-HAKIM, Appellant,
v.
Bennie R. HOLDER, as Chief of the Tampa Police Department, and Kirby Rainsberger, acting on behalf of the Forfeiture Unit of the Tampa Police Department, Appellees.
No. 2D00-2482.
District Court of Appeal of Florida, Second District.
June 1, 2001.
*940 Marzuk Al-Hakim, pro se.
James D. Palermo, City Attorney, and Nancy B. Silva, Assistant City Attorney, Tampa, for Appellees.
SILBERMAN, Judge.
Marzuk Al-Hakim appeals from an order dismissing with prejudice his petition for replevin. In considering the motion to dismiss filed in response to the petition, the circuit court looked beyond the allegations of the petition. Also, Al-Hakim did not have an opportunity to amend the petition to try to correct the deficiencies. For these reasons, we reverse.
Al-Hakim, acting pro se, filed suit seeking possession of a 1983 Cadillac.[1] He *941 alleged that the car had been illegally impounded by Bennie R. Holder, as chief of police of the city of Tampa, and by Kirby Rainsberger, acting on behalf of the forfeiture unit of the Tampa Police Department. Al-Hakim claimed ownership of the car pursuant to a bill of sale but acknowledged that his name was not on the car's title.
A motion to dismiss was filed on behalf of Chief Holder and Mr. Rainsberger. The motion alleged that: the circuit court lacked subject matter jurisdiction; Al Hakim lacked standing as a result of his failure to attach documents in support of the claim; the car was subject to a towing and storage lien held by the city of Tampa; and Mr. Rainsberger was not served with process.
We note that on its face, the petition was deficient. It did not contain the requisite allegations in order to state a claim for replevin under section 78.055, Florida Statutes (1999). Al-Hakim failed to allege the value of the car, that the car was not taken for a tax, assessment, or fine, and that the car was not taken under execution or attachment or that it was exempt from execution or attachment. Moreover, he did not attach a bill of sale or any other document in support of his claim.
At a hearing on the motion to dismiss, the circuit judge was provided with information concerning the merits of the claim. Subsequently, the judge conducted an evidentiary hearing on the motion, addressing the allegations of the petition and the merits of Al-Hakim's claim to possession or ownership. During the evidentiary hearing, Al-Hakim asked that he be allowed to amend the petition to cure the deficiencies.
At the conclusion of the hearing, the judge orally stated that Al-Hakim could refile the claim in the county court and that the case was dismissed with prejudice. The written order of dismissal specified that the dismissal was with prejudice. It contained a finding that there was insufficient evidence in the complaint or otherwise presented to the court which would prove Al-Hakim's possessory or ownership interest in the car. The order also noted that the value of the car was insufficient to invoke circuit court jurisdiction.
The de novo standard of review is applied when considering an order granting a motion to dismiss. Randles v. Moore, 780 So.2d 158, 159 (Fla. 2d DCA 2001). We note that the Florida Rules of Civil Procedure apply to a replevin action. Traces Fashion Group, Inc. v. C & C Mgmt., Inc., 763 So.2d 502, 503 (Fla. 3d DCA 2000).
It is evident that the circuit court was attempting to get this matter resolved expeditiously and on the merits; however, the procedures which were applied were faulty. A motion to dismiss is not a substitute for a motion for summary judgment. Roberts v. Children's Med. Serv., 751 So.2d 672, 673 (Fla. 2d DCA 2000); Baycon Indus., Inc. v. Shea, 714 So.2d 1094, 1095 (Fla. 2d DCA 1998). Furthermore, a motion to dismiss does not permit the trial court to consider extrinsic evidence as to who had superior possessory rights to the property in question. Holland v. Anheuser Busch, Inc., 643 So.2d 621, 623 (Fla. 2d DCA 1994).
When considering a motion to dismiss, the trial court is limited to consideration of the allegations contained within the four corners of the complaint. Roberts, 751 So.2d at 673. The motion does not provide authority to the trial court to *942 look beyond the complaint to consider the sufficiency of the evidence which either party is likely to produce. Holland, 643 So.2d at 623. Here, while the circuit court was properly concerned about subject matter jurisdiction, the taking of testimony should not have been used to try to address the pleading deficiencies raised by the motion to dismiss.
Additionally, dismissal with prejudice is a severe sanction and one which was not warranted when Al-Hakim had not been given an opportunity to amend his petition. Dismissal should only be granted when the pleader has failed to state a cause of action and it conclusively appears that there is no possible way to amend the complaint in order to state a cause of action, or if there has been an abuse of the privilege to amend. Drakeford v. Barnett Bank of Tampa, 694 So.2d 822, 824 (Fla. 2d DCA 1997). Al-Hakim should have been given an opportunity to amend his petition to cure the deficiencies. If, on amendment, the value of the car is not alleged to be within the jurisdiction of the circuit court, the case could then be transferred to the county court. Osborne v. Delta Maint. & Welding, Inc., 365 So.2d 425, 427 (Fla. 2d DCA 1978); Aysisayh v. Ellis, 497 So.2d 1316, 1317 (Fla. 1st DCA 1986); see also Fla. R. Civ. P. 1.060(a).
We also note that the circuit court's oral statement that Al-Hakim could refile in the county court conflicted with the written order of dismissal with prejudice. Use of the term "with prejudice" was incorrect if the judge intended to allow Al-Hakim to proceed with his claim in the county court. Smith v. St. Vil, 714 So.2d 603, 605 (Fla. 4th DCA 1998) (dismissal for lack of jurisdiction is not an adjudication on the merits and should not contain the words "with prejudice"); see also Fla. R. Civ. P. 1.420(b)
The order of dismissal with prejudice is reversed. This matter is remanded with directions that Al-Hakim be permitted to amend his claim and for further proceedings consistent with this opinion.
FULMER, A.C.J., and NORTHCUTT, J., Concur.
NOTES
[1] The original petition refers to the car as a 1984 model, but the record, including a certificate of title, reflects that it is a 1983 model. Notwithstanding the varying references, the parties appear to agree on the vehicle that is involved in this proceeding.