CASANUEVA, Judge.
 

 Swope Rodante, P.A. (“Swope”), filed a three-count complaint against Thomas Harmon and Harmon, Woods, Parker, Hendricks & Abrunzo, P.A. (collectively, “Harmon”). In that complaint, Swope claimed that (1) Harmon tortiously interfered with its contract for legal representation of a client which resulted in Swope’s being fired and Harmon’s being hired, (2) Harmon breached an oral contract between Swope and Harmon, and (3) Swope was entitled to a constructive trust over funds that Harmon owed it pursuant to the oral contract. The trial court dismissed the entire complaint with prejudice. We hold that Swope alleged sufficient facts to support two of these claims and reverse the trial court’s dismissal in part.
 

 Standard of Review
 

 “For ... purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are
 
 assumed to be true
 
 and
 
 all reasonable inferences arising therefrom are allowed in favor of the plaintiff.” Wallace v. Dean,
 
 3 So.3d 1035, 1042-43 (Fla.2009) (quoting
 
 Ralph v. City of Daytona Beach,
 
 471 So.2d 1, 2 (Fla.1983)). “When considering a motion to dismiss, the trial court is limited to consideration of the allegations contained within the four corners of the complaint.”
 
 Al-Hakim v. Holder,
 
 787 So.2d 939, 941 (Fla. 2d DCA 2001) (citing
 
 Roberts v. Children’s Med. Servs.,
 
 751 So.2d 672, 673 (Fla. 2d DCA 2000)). This court reviews an order granting a motion to dismiss de novo.
 
 Id.
 

 Count I
 

 Count one asserted tortious interference with Swope’s contract with a client. There are four elements of tortious interference with a business relationship: “(1) the existence of a business relationship ... (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.”
 
 Ethan Allen, Inc. v. Georgetown Manor, Inc.,
 
 647 So.2d 812, 814 (Fla.1994) (quoting
 
 Tamiami Trail Tours, Inc. v. Cotton,
 
 463 So.2d 1126, 1127 (Fla.1985)).
 

 For this count, Swope’s operative allegations consist of more than eighty numbered paragraphs, with specific statements regarding each of the four elements. For example, Swope alleged that Harmon intentionally contacted a person whom he knew to be Swope’s client and made “numerous false representations” regarding Swope’s legal performance under the contract; that those false representations were made “knowingly and ... recklessly;” that Harmon’s “intentional, unjustified, and fraudulent actions” caused Swope to suffer damages; that Harmon told the client that Swope had breached his contract with them and had not performed
 
 *510
 
 any work; and that Harmon’s statement to Swope’s clients “were patently false.”
 

 We conclude Swope has asserted sufficient factual allegations to withstand a motion for dismissal. The pleading alleges that Harmon knowingly, intentionally, and unjustifiedly provided disparaging information about Swope to Swope’s client for the purpose of inducing the client to fire Swope and hire Harmon. It further alleges that Swope suffered damages because it lost out on a legal fee due to Harmon’s actions. Where a claim for tortious interference sets forth an attorney-client relationship and a contingency fee agreement, and includes “elements of knowledge, intentional and unjustified interference, and damage,” the party has sufficiently pled a cause of action.
 
 Ellis Rubin, P.A. v. Alarcon,
 
 892 So.2d 501, 503 (Fla. 3d DCA 2004).
 

 Count II
 

 Count two asserted breach of an oral contract arising out of the disposition of settlement funds. After hiring Harmon, the client obtained a settlement. But the settlement check had Swope’s name on it. Swope and Harmon allegedly came to an agreement that Swope would remove his name from the settlement in exchange for Harmon’s retaining fifteen percent of the settlement funds in trust until the fee dispute between Harmon and Swope could be settled. Swope asserted that he held up his end of the bargain but that Harmon did not hold the funds in trust. The trial court dismissed this count, concluding that Swope’s claim was premature when Swope had not yet proven entitlement to the fee.
 

 On this motion to dismiss, the trial court was required to assume the veracity of Swope’s allegations. See
 
 Wallace,
 
 3 So.3d at 1042-43. Swope alleged that he performed his side of an oral contract with Harmon by taking his name off the settlement. Harmon breached this contract by failing to hold the disputed funds in trust. Swope’s allegations are sufficient to demonstrate a legal right to Harmon’s performance of the bargain, even if Swope may not be able to establish the value of that right at this point in the pleadings. “It is well established in Florida that where the allegations of a complaint show the invasion of a legal right, the plaintiff on the basis thereof may recover at least nominal damages, and a motion to dismiss should be overruled.”
 
 Hutchison v. Tompkins,
 
 259 So.2d 129, 132 (Fla.1972).
 

 One of the basic purposes of a motion to dismiss is to test the over-all sufficiency of the complaint to state a claim upon which relief can be granted. Since the complaint states a claim upon which at least nominal damages may be awarded, then it follows that the motion to dismiss the amended counter-claim should not have been granted, even though some of the damages alleged may have been non-recoverable.
 
 Augustine v. Southern Bell Telephone & Tel. Co.,
 
 Fla.1956, 91 So.2d 320.
 

 Abstract Co. of Sarasota v. Roberts,
 
 144 So.2d 3, 5 (Fla. 2d DCA 1962);
 
 see also Augustine v. S. Bell Tel. & Tel. Co.,
 
 91 So.2d 320, 323 (Fla.1956) (“[I]f the complaint states a claim upon which at least nominal damages may be awarded, then a motion to dismiss such a complaint should not be sustained.”).
 

 Because Swope’s allegations demonstrate a right to at least nominal damages, the trial court should not have dismissed this count.
 

 Count III
 

 Count three asserted an action for a constructive trust. The trial court dismissed this claim, finding that Swope failed to allege sufficient facts to satisfy all
 
 *511
 
 the requirements for imposition of a constructive trust. We affirm the result but for a different reason than espoused by the trial court.
 

 In 2005, this court held that “[a] constructive trust ... is not a traditional cause of action; it is more accurately defined as an equitable remedy.”
 
 Collinson v. Miller,
 
 903 So.2d 221, 228 (Fla. 2d DCA 2005). Therefore, “[b]ecause a constructive trust is a remedy, it must be imposed based upon an established cause of action.”
 
 Id.
 
 We continue to follow this rule.
 
 B & C Investors, Inc. v. Vojak,
 
 79 So.3d 42 (Fla. 2d DCA 2011) (affirming a dismissal of a claim for constructive trust because it is an equitable remedy).
 

 As in
 
 B & C Investors,
 
 we conclude the trial court correctly dismissed the claim for a constructive trust because a constructive trust is a remedy, not a cause of action.
 

 Conclusion
 

 We reverse the trial court’s dismissal of counts one and two and affirm the dismissal of count three. We are not called upon to determine whether the equitable remedy of a constructive trust is available under either or both of the remaining causes of action.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 WHATLEY and MORRIS, JJ„ Concur.