# Third District Court of Appeal

## State of Florida

Opinion filed August 18, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-154
Lower Tribunal No. 18-540
_____

**Beverly Williams,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber and Dennis J. Murphy, Judges.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez and Vilma Martinez (Tampa), for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

SCALES, J.

In this first party insurance case, we address the discrete issue of whether Florida Rule of Civil Procedure 1.140(g) precludes a party from filing a successive motion to dismiss an amended complaint – asserting a failure to state a cause of action – when, despite being available to the moving party, the defense was not asserted in the moving party's initial motion to dismiss. We conclude that the plain language of the rule prevents the moving party from asserting the defense in a successive motion to dismiss, but that, based on rule 1.140(h), the defense is not waived and may be asserted in a motion for judgment on the pleadings, at trial, or in the answer.

**I. Relevant Background**

In March 2017, property owned by appellant Beverly Williams and a trust controlled by Williams[1] and insured by appellee Citizens Property Insurance Company ("Citizens") was severely damaged in a fire. Appellants and Citizens disagreed on the scope of the loss and participated in an appraisal process that resulted in an appraisal award.

After Citizens paid the appraisal award, Williams, without naming the trust as a co-plaintiff, filed a complaint against Citizens in the Miami-Dade County Circuit Court asserting that the property was a total loss, and that,

---

[1] We refer to Williams and the Trust together as "appellants."

2

pursuant to Florida's Valued Policy Law,[2] Citizens was required to pay Williams the full limits of the policy insuring Williams's property.

On March 5, 2018, Citizens filed its first motion to dismiss Williams's complaint ("First Motion"). The sole ground asserted in Citizens's First Motion was that the complaint should be dismissed because Williams had failed to join an indispensable party, to wit, Williams's trust, the co-owner of the property. Citizens then, on April 17, 2018, filed an amended motion to dismiss, asserting that, because Williams's complaint listed the wrong property address, Citizens was not liable for the claim ("Amended First Motion"). On May 10, 2018, appellants filed an amended complaint correcting the two issues identified in Citizens's First Motion and its Amended First Motion. Appellants' amended complaint did not alter or revise any substantive allegations that appeared in appellants' initial complaint.

On June 6, 2018, Citizens filed its second motion to dismiss ("Second Motion"), asserting that appellants' amended complaint failed to state a cause of action because (i) the dispute between the parties had been resolved by the appraisal process and resulting award, and (ii) the amended

---

[2] Florida's Valued Policy Law, codified in section 627.702 of the Florida Statutes, establishes an insurer's liability for a total loss due to a covered peril as "the amount of money for which such property was so insured as specified in the policy. . . ." § 627.702(1), Fla. Stat. (2017).

3

complaint failed to plead facts that would establish appellants were entitled to recovery under Florida's Valued Policy Law. It is undisputed that the two grounds asserted by Citizens in its Second Motion were available to Citizens when Citizens filed its First Motion and Amended First Motion.

The trial court granted Citizens's Second Motion and entered the order on appeal dismissing the amended complaint with prejudice. The trial court denied appellants' motion for rehearing. This appeal ensued.

## II. Analysis

While appellants make several arguments on appeal, we address only their procedural argument, which we find dispositive.[3] Appellants assert that the trial court erred by granting Citizens's Second Motion because rule 1.140(g) prohibited its filing. Specifically, appellants argue that, because the substantive allegations of their initial complaint were identical to the substantive allegations of their amended complaint, the defense of failure to state a cause of action was available to Citizens when Citizens filed its First Motion and First Amended Motion. Therefore, appellants argue, the plain language of rule 1.140(g) did not allow Citizens to raise the defense in its successive dismissal motion. As hyper-technical as their argument might be, appellants are correct.

---

[3] We express no opinion on the merits of Citizens's Second Motion.

4

A. <u>The Rule's Scheme</u>

Rule 1.140 governs, *inter alia*, when and how defenses to claims are presented. While rule 1.140(b) requires every defense in law or fact be presented in a responsive pleading, the rule, with regard to seven specific defenses, gives the defendant the option to raise such defenses by motion, rather than by responsive pleading. Fla. R. Civ. P. 1.140(b). Failure to state a cause of action is one such defense. Fla. R. Civ. P. 1.140(b)(6). Rule 1.140(g) requires a defendant opting to raise any of these defenses in a motion to include in the motion all other defenses or objections that may be raised by motion and are "then available to that party." Rule 1.140(g) reads, in relevant part, as follows:

> If a party makes a motion under this rule but omits from it any defenses or objections then available to that party that this rule permits to be raised by motion, *that party shall not thereafter make a motion based on any of the defenses or objections omitted,* except as provided in subdivision (h)(2) of this rule. (Emphasis added).

Rule 1.140(h)(2), specifically referenced in rule 1.140(g) and directly relevant to the failure to state a cause of action or legal defense, reads, in its entirety, as follows:

> The defenses of failure to state a cause of action or a legal defense or to join an indispensable party *may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised either in a motion under subdivision*

5

*(b) or in the answer or reply.* The defense of lack of jurisdiction of the subject matter may be raised at any time. (Emphasis added).

Further, rule 1.140(h)(1) provides that a defendant's failure to raise defenses or objections either by motion or in a responsive pleading results in a party's waiver of the defense or objection, *except* under the circumstances provided in rule 1.140(h)(2). Fla. R. Civ. P. 1.140(h)(1).

Thus, rule 1.140(b) authorizes a defendant to raise certain defenses – including failure to state a cause of action – by motion. When, however, a defendant chooses to raise by motion any of the defenses scheduled in rule 1.140(b), the defendant, per rule 1.140(g), is prohibited from asserting, in a successive motion, any of those scheduled defenses if the defense was available to the defendant when the defendant filed its initial rule 1.140(b) motion. Except that, notwithstanding rule 1.140(g)'s prohibition against successive motions, rule 1.140(h)(2) permits a defendant to subsequently assert the defense of failure to state a cause of action (or failure to join an indispensable party) in the answer, a subsequent motion for judgment on the pleadings, or at trial on the merits.

B. Purpose of the Rule's Scheme

The obvious purpose of this rule's scheme is to require a defendant to include all of its then available defenses in a single motion to dismiss, so as

6

to avoid the piecemeal litigation inherent in multiple filings directed toward a complaint's allegations. See Gannon v. Cuckler, 281 So. 3d 587, 592 (Fla. 2d DCA 2019); Beach Dev. Corp. v. Stimson, 159 So. 2d 113, 115 (Fla. 2d DCA 1964) ("A motion directed to an amended pleading cannot raise objections to retained portions of an original pleading when such objections were available and not urged or unsuccessfully urged on motion to the original pleading."). But rule 1.140(h)(2) provides a defendant considerably more leeway when asserting certain defenses that challenge the entirety of a claim (failure to state a cause of action or to join an indispensable party and lack of subject matter jurisdiction). See Schopler v. Smilovits, 689 So. 2d 1189, 1189 (Fla. 4th DCA 1997).

C. Applicability to this Case

In response to Williams's initial complaint, Citizens opted to assert its defenses (failure to join an indispensable party and failure to state a cause of action based on an improper address for the subject property) via motion (i.e., in Citizens's First Motion and its Amended First Motion.).  Neither Citizens's First Motion nor its Amended First Motion asserted the defenses subsequently raised by Citizens in its Second Motion, despite their earlier availability to Citizens:  that appellants' amended complaint failed to state a cause of action because the parties' dispute had been resolved by the

7

appraisal process and because appellants had failed to plead facts entitling them to recovery under the Valued Policy Law.

The plain language of rule 1.140(g) precluded Citizens from asserting these grounds in its Second Motion; thus, the trial court erred by granting Citizens's Second Motion. As hyper-technical as it might seem, we are compelled to reverse the final order dismissing with prejudice appellants' amended complaint, and we remand for the trial court to enter an order denying Citizens's Second Motion without prejudice to Citizens asserting the defenses raised in its Second Motion in its answer, at trial or in a subsequent motion for judgment on the pleadings, as authorized under rule 1.140(h)(2).

Reversed and remanded with instructions.

LINDSEY, J., concurs.

LOGUE, J., concurring in result only.

I agree this case is a reversal. But I would reverse based on a different procedural flaw in Citizens' second motion to dismiss.

The majority makes an exacting analysis of Florida Rule of Civil Procedure 1.140(g) and concludes that the consolidation rule it contains allows a party to file only one motion to dismiss, deeming certain defenses not raised in the motion waived and requiring other defenses not raised in the motion to be raised as part of a responsive pleading. While some courts have disagreed on this point,[4] I believe the majority's interpretation is correct: the rule was obviously intended to prevent defendants from keeping cases in pre-pleading limbo by the device of filing successive motions to dismiss.

Accordingly, I agree with the majority that, after Citizens' first motion to dismiss for failure to include a necessary party was granted and Williams filed an amended complaint, Citizens' successive motion to dismiss the amended complaint for failure to state a cause of action was technically

---

[4] See, e.g., Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo., 771 F.3d 697, 702 (10th Cir. 2014) (collecting cases where federal courts have disagreed on this point regarding Rule 12(b)(6) of the Federal Rules of Civil Procedure, the federal counterpart upon which Florida's Rule 1.140(g) is modeled).

unauthorized when that argument was equally applicable to the initial complaint.

I believe, however, the hyper-technical nature of this violation of the rule does not rise to the level of error that would warrant reversal on appeal of an otherwise correct ruling. Technical errors are not necessarily reversible errors. See Fla. Stat. § 59.041 (2020) ("No judgment shall be set aside or reversed . . . unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice."); Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1257 (Fla. 2014) (recognizing "the Legislature's intent that [appellate] relief be granted only in the event of 'a miscarriage of justice'"). While there may be circumstances where a violation of this rule impacts a party's substantive rights, I do not see that here. In fact, sending this matter back for this violation would appear to further prolong the resolution of this case.

In this regard, I note that several federal appellate courts have similarly found harmless purported violations of the consolidation rule in the Federal Rules of Civil Procedure which formed the model for Florida's Rule 1.140(g). See, e.g., Albers, 771 F.3d at 700 ("[W]e decline to decide whether the district court's consideration of the County's regular rates argument was in

technical violation of Rule 12(g)(2), because any presumed procedural error was harmless."); Walzer v. Muriel Siebert & Co., 447 F. App'x 377, 384 (3d Cir. 2011) ("We need not decide whether the District Court entertained defendants' motions in technical violation of [Federal Rule of Civil Procedure 12(g)(2)], however, because any error in that regard would be harmless.").

For this reason, I would get beyond this issue. Turning to another argument raised, Citizens' second motion to dismiss relied upon 222 pages of unauthenticated documents and photographs not attached to the amended complaint. The documents appear to be part of the claims process, but I would reject Citizens' argument that documents related to the claims process were necessarily incorporated into the amended complaint. Citizens' second motion to dismiss was a sort of procedural platypus: part motion to dismiss and part summary judgment.

"A motion to dismiss is not a substitute for a motion for summary judgment, and in ruling on a motion to dismiss a complaint the trial court is confined to consideration of the allegations found within the four corners of the complaint." Migliazzo v. Wells Fargo Bank, N.A., 290 So. 3d 577, 578–79 (Fla. 2d DCA 2020) (quoting Baycon Indus., Inc. v. Shea, 714 So. 2d 1094, 1095 (Fla. 2d DCA 1998)). "The motion does not provide authority to the trial court to look beyond the complaint to consider the sufficiency of the

11

evidence which either party is likely to produce." <u>Id.</u> (quoting <u>Al-Hakim v. Holder</u>, 787 So. 2d 939, 941–42 (Fla. 2d DCA 2001)).

Accordingly, I would reverse because the argument contained in Citizens' second motion to dismiss and accepted by the trial court improperly went beyond the four corners of the amended complaint. <u>See, e.g.,</u> <u>Migliazzo</u>, 290 So. 3d at 578–79.