IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THE KIDWELL GROUP, LLC.,
D/B/A AIR QUALITY ASSESSORS
OF FLORIDA, A/A/O VICTOR AND
PAYNTER ANN VEGA,

   Appellant,

 v.

AMERICAN INTEGRITY INSURANCE
COMPANY OF FLORIDA,

   Appellee.

Case No.  5D21-1000
LT Case No. 2020-SC-034791-O

_____/

Opinion filed May 27, 2022

Appeal from the County Court
for Orange County,
Amy Carter, Judge.

Chad A. Barr, of Chad Barr Law,
Altamonte Springs, for Appellant.

Kelley Kronenberg, and Kimberly J.
Fernandes, of Kelley Kronenberg,
P.A., Tallahassee, for Appellee.


WALLIS, J.

Appellant appeals the trial court's orders granting Appellee's motion to dismiss its complaint with prejudice and motion to strike Appellant's claim for attorney's fees.  We reverse.

Victor Vega and Ann Paynter (the Homeowners) purchased a homeowner's insurance policy from Appellee and, in 2018, they made a claim for storm damage that occurred during the policy period.  In December 2019, they executed an assignment of benefits in favor of Appellant. After conducting an assessment on the Homeowners' property, Appellant sought reimbursement from Appellee.  Appellee refused payment and Appellant filed suit against Appellee for breach of contract, wherein it requested attorney's fees pursuant to sections 627.428 and 626.9373, Florida Statutes (2020). Appellants attached a copy of the invoice for its assessment of the property and the assignment of benefits to the complaint.

In response, Appellee filed a motion to dismiss the complaint and a motion to strike the portion of the complaint seeking attorney's fees.  The trial court ultimately granted both the motion to strike and the motion to dismiss. Notably, at the time of the hearing on the motions, the trial court did not have the benefit of the insurance policy or the report that was prepared following the assessment.

When ruling on a motion to dismiss a complaint for failure to state a cause of action, "the trial court must make its decision solely upon questions of law. In conducting this review, the court must confine itself to the four corners of the complaint and accept all allegations in the complaint as true." Cintron v. Osmose Wood Preserving, Inc., 681 So. 2d 859, 860–61 (Fla. 5th DCA 1996). As such, the trial court may not rely on any documents that are not attached to the complaint when considering the motion to dismiss. See Hewett-Kier Const., Inc. v. Lemuel Ramos & Assocs., Inc., 775 So. 2d 373, 375–76 (Fla. 4th DCA 2000); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994). Furthermore, "[a]t the motion to dismiss stage, the court is limited to determining whether the complaint on its face contains allegations that are legally sufficient to state a cause of action." Gallon v. Geico Gen. Ins. Co., 150 So. 3d 252, 254 (Fla. 2d DCA 2014). Thus, "[a] motion to dismiss should not be used to 'determine issues of ultimate fact' and 'may not act as a substitute for summary judgment.'" Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So. 2d 429, 432 (Fla. 5th DCA 2000) (quoting Roberts v. Child. Med. Servs., 751 So. 2d 672, 673 (Fla. 2d DCA 2000)).

We find that the trial court considered evidence outside of the four corners of the complaint and made factual findings when it granted the

3

motion to dismiss with prejudice.  This was error.  <u>See</u> <u>id.</u> Therefore, we reverse the final order of dismissal with prejudice and remand for further proceedings.

Lastly, having reversed the dismissal order for the previously explained reasons, we necessarily find it appropriate to also vacate the trial court's interlocutory order that had granted Appellee's motion to strike Appellant's claim for attorney's fees.  In doing so, we take no position as to the merits of Appellant's attorney's fees claim or Appellee's opposition to this claim.  To that end, the vacating of this order is without prejudice to the parties, on remand, to present their respective or additional arguments to the trial court on the issue of attorney's fees.

REVERSED and REMANDED.


LAMBERT, C.J., concurs.
EISNAUGLE, J., concur specially, with opinion.

EISNAUGLE, J., concurring specially.

I agree with the majority that the trial court went outside the four corners of the complaint when granting the motion to dismiss and striking the request for attorney's fees.  On this record, while Appellant's report might not be necessary, the trial court could not determine if section 627.7152, Florida Statutes (2019), applies without, at a minimum, the insurance policy.

However, the policy was not attached to or sufficiently incorporated in the complaint, and for reasons unexplained on this record, Appellee did not move to dismiss the complaint for failure to comply with rule 1.130(a). See Fla. R. Civ. P. 1.130(a); see also Contractors Unlimited, Inc. v. Nortrax Equip. Co. Se., 833 So. 2d 286, 288 (Fla. 5th DCA 2002) ("A complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof, is attached to or incorporated in the complaint." (citation omitted)).