IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


SIGMA FUNDING GROUP, LLC,
A/A/O ANDRES DIAZ AND SYLVIA DIAZ,

      Appellants,

v.                     Case No.     5D21-86
                             LT Case Nos. 2019-CC-018607-O
                                        2020-AP-000017-A-O

SECURITY FIRST INSURANCE COMPANY,

      Appellee.
_____/

Opinion filed August 19, 2022

Appeal from the County Court
for Orange County,
Elizabeth Starr, Judge.

Asher Perlin, of Law Office of Asher
Perlin, Hollywood, for Appellants.

Steven G. Schwartz, of Schwartz Law
Group, Boca Raton, for Appellee.

NARDELLA, J.

      Sigma Funding Group, LLC ("Sigma") appeals the trial court's order

granting Security First Insurance Company's ("Insurer") motion to dismiss the

complaint with prejudice.  We reverse.

Andres and Sylvia Diaz ("Insureds") purchased a homeowner's insurance policy ("policy") from the Insurer. In July 2019, the Insureds assigned $9,570 of benefits payable, rights, and causes of action under their policy ("AOB") to Sigma. In return, Sigma provided advance funding for a portion of the Insureds' claim. Sigma then sought reimbursement from the Insurer, which it denied, leading Sigma to file suit for breach of contract.

The Insurer successfully moved to dismiss Sigma's complaint, arguing, in relevant part, that Sigma cannot state a claim for breach of contract because the assignment is invalid. Specifically, the Insurer argued that the AOB executed by the Insureds failed to comply with section 627.7152, Florida Statutes (2019), which requires certain post-loss claim assignments to include specific information.

Of import, both parties agree that the AOB lacked the specific information required by section 627.7152. They disagree, however, on whether that section applies.

Section 627.7152 applies only to "[a]ssignment agreements," which, at the time the assignment occurred, were defined as:

> [A]ny instrument by which post-loss benefits under a residential property insurance policy or commercial property insurance policy, as that term is defined in s. 627.0625(1), are assigned or transferred, or acquired in any manner, in whole or in part, to or from a person providing services to protect, repair, restore, or

2

replace property or to mitigate against further damage to the property."

§ 627.7152(1)(b), Fla. Stat.[1]

Sigma alleged in the complaint that it did not provide any services to protect, repair, restore, or replace property or to mitigate against further damage to the property. Thus, it argued that the AOB is not an assignment agreement under section 627.7152 and, therefore, not required to comply with its dictates.

In determining whether section 627.7152 applies to Sigma, the trial court is limited to the four corners of the complaint and its attachments, accepting all well-pled allegations as true and drawing all reasonable inferences in a light most favorable to the plaintiff. *See Enlow v. E.C. Scott Wright, P.A.*, 274 So. 3d 1192, 1193 (Fla. 5th DCA 2019). This Court applies the same principles on appeal, *Williams v. Salt Springs Resort*, 298 So. 3d 1255, 1257 (Fla. 5th DCA 2020), conducting a de novo review of the trial court's dismissal of the complaint, *Siegle v. Progressive Consumers Ins.*, 819 So. 2d 732, 734 (Fla. 2002). Thus, "[a] motion to dismiss should not be used 'to determine issues of ultimate fact' and 'may not act as a substitute

---

[1] This definition was recently amended. Ch. 2022-268, § 18, Laws of Fla. Since the amended definition did not take effect until May 26, 2022, we follow the definition in effect when the assignment occurred.

3

for summary judgment.'" *Fla. Farm Bureau Gen. Ins. v. Ins. Co. of N. Am.*, 763 So. 2d 429, 432 (Fla. 5th DCA 2000) (quoting *Roberts v. Child. Med. Servs.*, 751 So. 2d 672, 673 (Fla. 2d DCA 2000)).

Here, neither the allegations in the complaint nor the attachments thereto (the policy and the AOB) indicate the purpose behind Sigma's payment or the use of the funds by the Insureds. The Insurer speculates that the funds were likely used to repair the property, in which case it argues the AOB at issue would be governed by section 627.7152. Such speculation is outside the four corners of the complaint and its attachments. Therefore, we reverse the final order of dismissal and remand for further proceedings.

REVERSED and REMANDED.

HARRIS and WOZNIAK, JJ., concur.