DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

GARRETT BUIS and MISTY BUIS,

Appellants,

v.

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

Appellee.

No. 2D2023-0655

_____

September 6, 2024

Appeal from the County Court for Pinellas County; John Carasass,
Judge.

Barbara Hernando and Dean Makris of Makris & Mullinax, P.A., Tampa;
and Raymond T. Elligett, Jr., and Amy S. Farrior of Buell & Elligett, P.A.,
Tampa, for Appellants.

Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for Appellee.


ATKINSON, Judge.

Garrett and Misty Buis appeal the trial court's final order
dismissing their action against Universal Property & Casualty Insurance
Company for failure to comply with the presuit notice requirement in
section 627.70152(3), Florida Statutes (2021). *See* § 627.70152(3)(a) ("As
a condition precedent to filing a suit under a property insurance policy, a

claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department."). We reverse and remand for further proceedings.

The Buises contend that the trial court erred by applying section 627.70152 retroactively to an action founded on their homeowners' insurance policy that was issued before the statute's effective date of July 1, 2021. *See Hassen v. State Farm Mut. Auto. Ins.*, 674 So. 2d 106, 108 (Fla. 1996) ("[I]t is generally accepted that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract."). Our review is de novo. *See Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011) ("The question of whether a statute applies retroactively or prospectively is a pure question of law; thus, our standard of review is de novo."); *Swope Rodante, P.A. v. Harmon*, 85 So. 3d 508, 509 (Fla. 2d DCA 2012) ("This court reviews an order granting a motion to dismiss de novo.").

The parties have not challenged whether enforcement of the statutory provisions enacted after the insurance policy was issued would constitute retroactive application. *See Love v. State*, 286 So. 3d 177, 187 (Fla. 2019) ("A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment . . . . Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70 (1994))); *Metropolitan Dade County v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999) (same). Rather, without disputing that application of section 627.70152 to the Buises' cause of action does constitute retroactivity, the question presented by the parties is whether such a retroactive application is permissible.

In evaluating whether it is permissible to apply a statute retroactively, the court applies a two-pronged test: (1) "whether the Legislature intended for the statute to apply retroactively" and (2) "if such an intent is clearly expressed, . . . whether retroactive application would violate any constitutional principles." *Menendez v. Progressive Exp. Ins.*, 35 So. 3d 873, 877 (Fla. 2010); *see also Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 196 (Fla. 2011) ("Our precedent makes abundantly clear that in determining the question of retroactivity of a legislative enactment, the court must apply the two-prong test— beginning with a search for clear evidence of legislative intent for retroactivity."). Under the second prong, retroactive application is unconstitutional "if the statute impairs a vested right, creates a new obligation, or imposes a new penalty." *Menendez*, 35 So. 3d at 877 (citing *State Farm Mut. Auto. Ins. v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995)); *see also Chase Fed. Hous. Corp.*, 737 So. 2d at 499.

We are not the first appellate district to address the retroactivity of section 627.70152. The Third and Fourth Districts have concluded that section 627.70152 can apply retroactively because it contains clear legislative intent for retroactive application and is procedural in nature. *See Cantens v. Certain Underwriters at Lloyd's London*, 388 So. 3d 242, 245 (Fla. 3d DCA 2024); *Cole v. Universal Prop. & Cas. Ins.*, 363 So. 3d 1089, 1093 (Fla. 4th DCA 2023). Conversely, the Sixth District has concluded that section 627.70152 cannot apply retroactively because it lacks clear legislative intent for retroactive application and is substantive in nature. *See Hughes v. Universal Prop. & Cas. Ins.*, 374 So. 3d 900, 910 (Fla. 6th DCA 2023), *review granted*, No. SC2024-0025, 2024 WL 1714497 (Fla. Apr. 22, 2024).

Accepting the presumption that enforcement of section 627.70152 in this case constitutes retroactive application of the statute, we conclude, as did the Sixth District, that the requisite legislative intent for such retroactive application is lacking. The statute is silent regarding whether it applies to insurance policies issued prior to its enactment. But the statute does contain an effective date of July 1, 2021, and the supreme court has construed the existence of an effective date in a statute as evidence *rebutting* intent for retroactive application. *See Devon Neighborhood Ass'n,* 67 So. 3d at 196 ("We have noted that the Legislature's inclusion of an effective date for an amendment is considered to be evidence rebutting intent for retroactive application of a law." (citing *Dep't of Revenue v. Zuckerman-Vernon Corp.,* 354 So. 2d 353, 358 (Fla. 1977))); *Zuckerman-Vernon Corp.,* 354 So. 2d at 358 ("The 1977 Legislature's inclusion of an effective date of July 1, 1977, in Ch. 77-281 effectively rebuts any argument that retroactive application of the law was intended.").

We reject Universal's argument—which is consistent with the rationale adopted by the Third and Fourth Districts—that the statute's application to "all suits" indicates clear legislative intent for retroactive application. *See* § 627.70152(1) ("This section applies exclusively to all suits not brought by an assignee arising under a residential or commercial property insurance policy . . . ."); *Cantens,* 388 So. 3d at 245 (concluding that section 627.70152 contains clear legislative intent for retroactivity because it applies to "all suits" regardless of when the policy was issued); *Cole,* 363 So. 3d at 1093 (same). Read in context, the phrase "all suits" is modified by a description of the *type* of plaintiff and lawsuit for which section 627.70152 applies, not the *timing* of the insurance policies that are governed by the statute. *See Ham v. Portfolio*

4

*Recovery Assocs.*, 308 So. 3d 942, 946 (Fla. 2020) ("In interpreting [a] statute, we follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.' " (second alteration in original) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012))). In other words, the language "all suits" informs the reader that the statute only applies to suits involving plaintiffs who are not "assignee[s]" and that arise under "residential or commercial property insurance polic[ies]" and that the statute excludes suits involving plaintiffs who *are* assignees and that arise under other insurance policies such as automobile or personal injury policies.

In addition, an expansive reading of the "all suits" language to indicate universal temporal inclusivity does not take into consideration the term "exclusively," a word which indicates that the sentence in which it appears is intended to *narrow* the application of the statute to certain types of cases to the exclusion of others—not to be expansively inclusive of cases based on insurance policies issued before and after the statute was enacted. By use of the term "exclusively," the provision is *excluding* from its purview those suits that are "brought by an assignee arising under a residential or commercial property insurance policy" and accomplishing that exclusion by use of the phrase "all suits" to indicate all those suits that are "*not* brought by an assignee arising under a residential or commercial property insurance policy." (Emphasis added.) There is nothing in the language of the statute to indicate that the phrase "all suits" is serving another purpose of expanding its reach to those suits based on policies that both predate and postdate the enactment of the statute. To the contrary, an interpretation of the phrase "all suits" as an expansive temporal indicator is one that

5

disregards the contextual clue of use of the term "exclusively" in the phrase "exclusively to all suits." *See Heart of Adoptions, Inc. v. J.A.*, 963 So. 2d 189, 198 (Fla. 2007) ("We are required to give effect to 'every word, phrase, sentence, and part of the statute, if possible, and words in a statute should not be construed as mere surplusage.' " (quoting *Am. Home Assurance Co. v. Plaza Materials Corp.*, 908 So. 2d 360, 366 (Fla. 2005))).

Universal and other proponents of the view that the phrase "all suits" evinces an intent that the statute be applied retroactively are reading only a part of the pertinent phrase—"exclusively to all suits"— and ignoring the rest of it by myopically training their focus on the two words "all suits." This blinkered view is apparent in the opinions of the Third and Fourth Districts, which examine an incomplete rewriting of the statute that omits salient portions of the phrase at issue. The Third District refers to the statute as applying to "all suits arising under a residential or commercial property insurance policy," *Cantens*, 388 So. 3d at 244, 245, and the Fourth District refers to the provision as applying "exclusively to all suits . . . arising under a residential or commercial property insurance policy," *Cole*, 363 So. 3d at 1092 (ellipses in original). These rewritings of the statute by omission ignore one or both of the phrases "exclusively to" and "not brought by an assignee" that, when considered, bear upon the meaning of the sentence at issue: "This section applies *exclusively to* all suits *not brought by an assignee* arising under a residential or commercial property insurance policy . . . ." § 627.70152(1) (emphasis added). Consideration of the phrases apparently ignored by the Third and Fourth Districts undermine those

6

courts' expansive reading of the language as referring in any manner to the timing of *when* the underlying insurance policy was issued.[1]

All that is to say that section 627.70152 does not contain a clear expression of legislative intent that the presuit notice requirement is to be applied retroactively to insurance policies issued prior to the effective date of the statute. *See Menendez*, 35 So. 3d at 877 (providing that legislative intent for retroactive application must be "clearly expressed"). The statute is silent in that respect, and the statute's effective date supports a conclusion that its only application should be prospective. *See Devon Neighborhood Ass'n*, 67 So. 3d at 196 (concluding there was no "clearly expressed legislative intent" for retroactive application where the statute was "silent as to its forward or backward reach" and included an effective date).

Because we conclude that section 627.70152 does not contain a clear expression of intent for retroactive application, the statute cannot be retroactively applied, and it is unnecessary to consider the second prong regarding whether retroactive application would violate any constitutional principles. Case law is clear that the second prong of the analysis need not be reached if it is concluded that retroactive intent is not clearly expressed in the statute. *See Devon Neighborhood Ass'n*, 67 So. 3d at 197 ("Because we have reached this conclusion under prong

---

[1] In *Cantens*, the Third District mischaracterized *Menendez* as having concluded that the statute in that case "evinced a clear expression of legislative intent to apply retroactively" "because" the statute at issue "applied to 'any action.' " 388 So. 3d at 244 (citing *Menendez*, 35 So. 3d at 877). *Menendez* did not premise its conclusion "that the Legislature intended for the statutory presuit notice provision to be applied retroactively" on the statute's inclusion of the phrase "any action." *Menendez*, 35 So. 3d at 877. In *Menendez*, the supreme court did not elaborate at all on why it reached that conclusion. And there is no discussion whatsoever involving the phrase "any action."

one of the two-prong test, we need not address whether retroactive application of the amendments would be constitutional."); *Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass'n One*, 986 So. 2d 1279, 1284 (Fla. 2008) (providing that, in the absence of clear legislative intent for retroactive application of a statute, the court "need not address the second prong"). As such, to the extent that the question of whether the new provisions in section 627.70152 are substantive or procedural is a necessary component to the second prong, we need not resolve that question—a question that would be controlled by *Menendez*'s binding determination that the newly enacted presuit notice provisions at issue in that case were substantive such that retroactive application would be unconstitutional under the second prong because it impairs a vested right, creates a new obligation, or imposes a new penalty.[2] *See Hughes*, 374 So. 3d at 907 ("*Even if* we agreed with the Fourth District that

---

[2] The rationale expressed by the supreme court in *Menendez*—which we are bound to follow—that taken "as a whole," the statute "is a substantive statute," *see* 35 So. 3d at 879, would also bear upon the threshold determination of whether applying the statutory provision to the case would "truly" constitute retroactive application because "whether a new *procedural* statute applies in a pending case will generally turn on the posture of the case, not the date of the events giving rise to the case[,] [a]nd if the new procedure does apply, that is not in and of itself a retrospective operation of the statute," *see Love*, 286 So. 3d at 187 (emphasis added); *see also Landgraf*, 511 U.S. at 275 ("[T]he fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive."); *Love*, 286 So. 3d at 187 ("Here, although section 776.032(4) may make it more difficult—as a practical matter—for the State to proceed to trial, the statute in no way 'attaches new legal consequences to events completed before its enactment.' Therefore, even if applied in a pending case, section 776.032(4) is not truly a retrospective statute." (citation omitted) (quoting *Landgraf*, 511 U.S. at 270)).

section 627.70152 contains clear evidence of legislative intent to apply the statute retroactively, we would nonetheless find that the statute is substantive and therefore cannot be applied retroactively. Simply put, *Menendez*'s holding compels a finding that section 627.70152 is substantive in nature." (emphasis added)). Without answering that question, we are able to conclude that, under controlling case law, the trial court erred by retroactively applying section 627.70152 to the Buises' insurance policy.

We reverse the trial court's order granting Universal's motion to dismiss and remand for further proceedings. We certify conflict with *Cantens v. Certain Underwriters at Lloyd's London*, 388 So. 3d 242 (Fla. 3d DCA 2024), and *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA 2023).

Reversed and remanded; conflict certified.

NORTHCUTT J., Concurs.
KHOUZAM, J., Concurs specially.


KHOUZAM, Judge, Specially concurring.

I concur in all respects except for the discussion of the statutory word "exclusively," which I do not believe bears on the issue of retroactivity in this case.

_____

Opinion subject to revision prior to official publication.

9